22597. WESTERN & ATLANTIC RAILROAD *v.* CRAWFORD.

Decided September 6, 1933. Rehearing denied September 30, 1933.

*Walton Whitwell, Mitchell & Mitchell,* for plaintiff in error.

*J. A. McFarland, Mann & Mann,* contra.

MacIntyre, J. ■ Claude Crawford filed suit in the superior court against the Western and Atlantic Railroad Company, and the defendant duly filed a demurrer and answer. Upon hearing the demurrer the trial court overruled all of the grounds thereof. The case proceeded to trial and there was a verdict in favor of the plaintiff. The defendant specially demurred to paragraph 12 of the petition, which reads as follows: "The engineer operating the locomotive-engine of said train while approaching said crossing failed to keep and maintain a constant and vigilant lookout along the tracks ahead of said engine, and petitioner charges such failure as negligence resulting in his injury and damage hereinafter described." The demurrer alleged that the said paragraph should be stricken, "because said allegations are immaterial and irrelevant in view of the following allegations of the plaintiff contained in paragraph eleven of the petition, to wit: 'The crossing in question is a blind crossing for trains approaching said crossing from the north in that there is a deep cut immediately north of said crossing, which prevents persons approaching said crossing from the west from seeing train approaching said crossing until they are within five or six feet of the tracks of the defendant company,' and in view of the

further allegations of plaintiff contained in paragraph 6 of the petition, to wit: 'When the driver of the said car saw said train for the first time, at which time the said car was within about five feet of said crossing, the driver of said car quickly pulled the steering wheel of the automobile to the right as far as possible and turned the automobile which he was driving south along the west side of the track of the defendant company. Just as the said driver pulled the steering wheel to the right and before he had time to clear the train the left front wheel of said automobile dropped into a hole in said crossing. The effect of the left wheel of the said car dropping into said hole threw the top of said car to the east sufficiently to cause some part of the right side of the engine pulling defendant's train to strike said car.' Under these allegations of the plaintiff it was immaterial and irrelevant as to whether or not the engineer was keeping a lookout ahead of the engine in approaching said crossing, because it is alleged that it was impossible to see one approaching as was petitioner on this occasion until within five feet of the crossing, and petitioner alleges that he knew of the approach of the train when at said distance from the crossing; therefore, any failure upon the part of engineer to maintain a lookout could not constitute negligence, because had a lookout been maintained by the engineer, the engineer would not have known and could not have known of the approach of petitioner to the crossing any sooner than it is alleged that petitioner knew of the approach of the train." Judge Russell, speaking for the court in *Atlantic Coast Line R. Co.* v. *Moore*, 8 *Ga. App.* 185-192 (68 S. E. 875), said: "If the allegations of a petition are absurd or unreasonable, and it palpably appears that the statement of facts in the petition would not constitute actionable negligence, a timely demurrer would serve to raise the issue of law and to cause the elimination of those allegations which should not properly be submitted to the jury." If under the allegations of the petition in the case at bar, it was impossible for the plaintiff, on account of the deep cut immediately north of said crossing, to see the approach of the train (traveling from the north) until it was within five or six feet of the crossing, for the same reason it would be impossible for the defendant's servants to see the approach of the plaintiff, who was traveling from the west. Allegations of the petition are to be construed most strongly against the pleader. In United States Spruce Lumber Co.

*v.* Shumate, 118 Va. 471 (87 S. E. 723), the court said: "A declaration which charges that the view from the approach to a grade crossing at which the plaintiff was in collision with the defendant's car was obstructed, and that the defendant carelessly and wrongfully failed to keep a proper lookout on said car and by reason of such failure plaintiff was injured is bad on demurrer. If the obstruction was such that the plaintiff could not see the approach of the defendant's car, the servants of the defendant company, for the same reason, could not see the approach of the plaintiff." It seems to us that under the aforesaid allegations of the petition in this case, even if the defendant's servants failed to keep and maintain a constant and vigilant lookout ahead of the engine and even if said failure was negligence as a matter of law, nevertheless if the injury would have occurred regardless of the said failure to maintain a constant and vigilant lookout, there could be no recovery by reason of said failure. It should be noted that this allegation of negligence is in a separate paragraph and that this is one of the specific acts of negligence upon which the plaintiff seeks to recover. In other words, "negligence, to be the basis of recovery, must be the proximate cause of the injury; and if the injury would have occurred regardless of the negligent act, there can be no recovery." *Vinson* v. *Willingham Cotton Mills,* 2 *Ga. App.* 53 (4) (58 S. E. 413). We therefore are of the opinion that ground 1 of the demurrer should have been sustained.

Grounds 2 and 3 of the demurrer are directed against paragraph 13 of the petition, which reads as follows: "The engineer operating the locomotive-engine of said train failed to exercise due care in approaching said crossing, in order to avoid doing injury to persons on said crossing or at a point upon the line of said railway at any point within fifty feet of said crossing;" the complaint being that the allegations are merely conclusions of the pleader. "A general allegation of negligence is a mere conclusion. The conclusion may be wrong; and, therefore, the particular facts relied upon to support the conclusion should be pleaded. It is permissible, however, to set forth the facts, and then conclude that these facts amount to negligence. Demurrer will then raise the question whether the conclusion is good in law." *Fuller* v. *Inman,* 10 *Ga. App.* 680, 694 (74 S. E. 287). In the petition in the case at bar the defendant had already pleaded that the acts of negligence were

594

the running of the train at a negligent rate of speed and a failure to ring the bell as required by law. We construe the allegations in paragraph 13 to mean that the defendant was negligent in this respect and, thus construing the petition, it was not subject to the demurrer. See also *Bitlick* v. *Georgia, Florida & Alabama Ry. Co.,* 136 *Ga.* 138 (70 S. E. 106).

■ Paragraph 4 of the demurrer went to a part of the petition which was practically a restatement of the allegations of paragraph 12 of the petition, and, for the same reasons set forth in sustaining the demurrer to paragraph 12, it was error to overrule the fourth ground of the demurrer.

■ Reversible error having been committed by the trial judge in failing to sustain grounds 1 and 4 of the special demurrer, subsequent proceedings thereto were nugatory.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. This decision does not hold as a matter of law that merely because the defendant could not see the engineer, the engineer could not see the defendant, but holds that the facts as pleaded made it impossible for the engineer to see the plaintiff,— construing such allegations most strongly against the pleader. We can conceive of conditions where the plaintiff could not see the engineer, and yet the engineer could see the plaintiff; and where such conditions are pleaded, the case would be differentiated from the instant case. The plaintiff can of course show that conditions are such that he could not see the engineer, so as to show that he was in the exercise of due care. But if the plaintiff sets out in a different paragraph, as an act of negligence upon which he seeks to recover, something that is impossible under his pleading, this paragraph should be stricken on proper demurrer, there being nothing set out in this paragraph save this act of negligence, which is one of the acts of negligence upon which the plaintiff seeks to recover.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*