23098, 23099. WESTERN & ATLANTIC RAILROAD *v.*
LESLIE; and *vice versa.*

JENKINS, P. J. 1. In this action to recover for personal and property damage from the railroad, the court did not err in overruling the general demurrer to the petition, which alleged that a locomotive and train of the defendant struck the automobile of the plaintiff on a city public crossing just as he entered upon its track, at night during a fog of such density that objects could not be seen for more than five or six feet, that the train was traveling at excessive speed and without ringing a bell, both in violation of city ordinances, and without giving any other warning of its approach, and that the plaintiff, before entering the track, looked and listened for the approach of trains, but saw and heard nothing.

2. The contention upon the special demurrer to the allegations of speed, that the injury necessarily would have occurred regardless of the speed of the train, under the averment in the petition that an "object could not have been seen for more than five or six feet," because the train could not have been stopped within that distance so as to avoid the injury, is without merit. It can not be held, as a matter of law, from the statements of the petition, that the alleged negligence of the defendant in operating its trains at a speed of forty-five miles an hour, in excess of the fifteen miles an hour provided by city ordinance, or at more than four miles an hour, which it is alleged was the maximum proper speed under the particular circumstances, could not, under all the facts, have caused, or partly caused, the collision, and have caused or increased the severity of the alleged injuries. In the instant case the degree of speed, determining the length of time during which the plaintiff might have heard the approach of the train, may have materially affected his ability to hear its approach, even though he might not have been able to see it. Proximate cause and the negligence or degree of negligence of the respective parties in cases of collisions between automobiles or automobiles and trains, where the various interacting and interrelating acts or omissions of the parties to cause or avoid injuries all may occur within a split fraction of a second, can rarely be so differentiated, narrowed, and separately dealt with as would authorize a determination upon the pleadings by mathematical calculation. Such issues must ordinarily be determined by the jury according to the proof and the reasonable inferences which may be drawn therefrom, in the light of all the material facts and surrounding circumstances.

3. In *Western & Atlantic Railroad* v. *Crawford*, 47 *Ga. App.* 591 (170 S. E. 824), where a similar case was presented by the petition, it was held that, "if, under the allegations of the petition, . . it was impossible for the plaintiff, on account of the deep cut immediately north of the crossing, to see the approach of the train . . until it was within five or six feet of the crossing, for the same reason it would be impossible for the defendant's servants to see the approach of the plaintiff," and that consequently the allegations that the engineer "while approaching said crossing failed to keep and maintain a constant and vigilant lookout along the tracks ahead of said engine," were subject to special demurrer; and reversible error having been committed in failing to sustain such special demurrer, the subsequent proceedings and judgment for the plaintiff were nugatory. The charge of negligence here as to the failure to keep a lookout was the same as in that case; and there is no essential difference in the physical facts here alleged by the petition, that the thickness of the fog rendered it impossible to see the approaching engine, or other objects, for more than five or six feet, from those stated in the *Crawford* case. In the *Crawford* case the petition averred that the ravine prevented such vision for more than five or six feet. In this case the petition shows that the dense and murky fog prevented vision for just the same distance. The judge in the instant case charged this ground of negligence relative to the absence of a lookout. It was therefore error to overrule this special ground of demurrer, and this error rendered nugatory all the subsequent proceedings and the judgment for the plaintiff.

4. Under the cross-bill of exceptions, assigning error on the disallowance of the plaintiff's amendment, that the acts of the watchman of the defendant at the crossing in rushing out in front of the plaintiff's automobile and gesticulating were negligence (even if the averments that this conduct "*may have caused* petitioner to throw on his brakes," but he is "*unable to aver positively*" whether he did or did not, could be taken as sufficiently charging that such a result from this conduct actually took place), these acts can not be taken as having caused or partly caused the injury, in view of the further averments of the petition, which must be construed against the pleader, that the sight of the watchman by the plaintiff, the entrance of the plaintiff upon the track, and the crash of the engine against his automobile, "came practically simultaneously." Accordingly, there was no error in refusing to allow this amendment to the petition.

*Judgment reversed on main bill of exceptions; affirmed on cross-bill. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 31, 1934. ADHERED TO ON REHEARING MARCH 2, 1934.

717

*Walton Whitwell, Mitchell & Mitchell,* for plaintiff in error.
*J. A. McFarland, M. C. Tarver,* contra.

ON REHEARING.

JENKINS, P. J. A rehearing was granted in this case because the court felt some doubt, especially in view of the very able motion for rehearing, as to the correctness of the ruling made in the 3d division of the syllabus. Movant contends that, since under the blow-post law as amended (Ga. L. 1918, p. 212, codified in Michie's Code, § 2677 (2, 3)), it is the duty of those operating a locomotive, "after reaching the blow-post furthest removed from the said crossing, and while approaching said crossing," to "keep and maintain a constant and vigilant lookout along the track ahead of said engine," in order to avoid doing injury to any person or property which may be on such crossing, it can not properly be said or held that (quoting from the motion) "the mere fact that because a train is approaching a crossing on a dark foggy night, or approaching a blind crossing, or approaching a crossing the view of which is obstructed by cars or other trains of the railroad company or other objects, the engineer would be allowed to run across such a crossing without maintaining any lookout ahead, merely because it would be more difficult for him to see than it would if it were in the daytime or in a clearly lighted place." Counsel point out that these facts and conditions constitute all the more reason why the oper-

atives of a locomotive should maintain extra care and diligence in approaching such a dangerous crossing. Their contention is that the failure of the operatives to exercise this duty prescribed by statute can not possibly be irrelevant and immaterial, and that therefore this court must have overlooked the plain and mandatory provisions of the statute itself. The argument of counsel is strongly put, and we are not prepared to say, nor did we intimate in the original decision, that the operatives of a locomotive are given any discretion as to obeying the mandate of the law, or are relieved from the guilt of negligence in failing to comply with the duties prescribed, merely because a compliance, under the facts alleged in a particular case, might be fruitless. However, the well recognized principle of law which it was our purpose to apply is that a defendant is not liable in damages to another on account of negligence, be it ordinary negligence, or be it negligence per se, unless such negligence in some way constituted the proximate cause or contributed to the injury complained of. *Shaw* v. *Mayor &c. of Macon,* 6 *Ga. App.* 306 (64 S. E. 1102). We know of no distinction recognized by law whereby the plaintiff's right to recover is affected in a greater or less degree according to whether negligence on the defendant's part follows as a matter of law from a fact proved, or whether the question as to whether the alleged fact constitutes negligence, as well as the truth of the fact itself, is a matter to be determined by a jury. The difference between negligence per se and other negligence is in the mode of establishing it. In the one case the law itself establishes negligence when a certain act or omission is proved, while ordinarily the question whether a proved fact constitutes negligence is left to the determination of a jury. Whether negligence be established in the one mode or the other makes no difference in its legal effect when established. *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 419 (91 S. E. 517). In either case the negligence must proximately contribute to the injury complained of. Thus, assuming for the purposes of this decision that under the statute laws it may well be true that the engineer is given no discretion as to when or under what circumstances it might or might not be obligatory to maintain a constant and viligant lookout along the track ahead of the engine when approaching a crossing, but that it is his ever-present duty to obey the legal mandate relative thereto; it nevertheless follows that his failure to comply

with such a duty would not support a cause of action for damages unless such failure on his part bore some causal relation to the injury. It is well recognized that there can be no recovery based on any negligence save such as is alleged in the petition. *Atlanta Consolidated St. Ry. Co.* v. *Hardage,* 93 *Ga.* 457 (5) (21 S. E. 100). Accordingly, even were it to be assumed that, under proper allegations of a petition, a jury might find that, upon approaching a crossing under such extraordinary fog conditions as those here set forth by the petition, the duty imposed by the statute upon the operatives of a locomotive to "otherwise" exercise due care to avoid an injury might require bringing the train to a stop or as near a stop as might be necessary to enable the engineer maintaining the lookout prescribed by law to take steps to avoid a collision with persons or objects on the crossing after they had first become visible from a distance of five or six feet, a failure so to do is not set forth in the instant case as a ground of negligence. On the contrary, it is shown by the plaintiff's petition that under the described circumstances a speed of four miles an hour constituted a cautious and proper speed, and it is therefore manifest that nothing could have been done to check the locomotive and train of cars traveling at that rate within the one second required to traverse the five or six feet remaining after objects on the crossing had become visible.

The proposition might be altogether different with reference to the handling of automobiles, as to which, not being bound to a fixed track and with the driver's hands already holding the steering wheels, it might well be possible to swerve such machines within a split fraction of a second, and also to stop or slacken the speed of such a vehicle in a very much shorter distance than could be effected in overcoming the momentum of a heavy locomotive and train of cars moving upon steel rails. In other words, since the petitioner approves a speed of four miles per hour, and since the maintenance of a vigilant lookout while traveling at such speed could not possibly have availed anything towards the plaintiff's protection, under the conditions set forth by the petition, it follows that the failure to maintain such a lookout could not have possibly contributed to his injury. Were a petition to be based solely upon the noncompliance with this statutory provision, and were the petition to show on its face that such noncompliance had no possible relation to the cause of the injury, the petition would be subject to general

720

demurrer. In like manner, where, as in this case, the petition is good as against general demurrer, but where one of the several grounds of negligence complained of is shown by the several allegations of the petition itself to have constituted no possible contributing factor in causing the injury, such ground of negligence would be subject to special demurrer. And where, as here, such a special demurrer was properly and timely made, was overruled, and the court thereafter charged the jury upon such ground of negligence as set forth in the petition, it can not be said that the failure to sustain the special demurrer was harmless.

*Judgment adhered to on rehearing.*