## 24507. CRAWFORD *v.* WESTERN & ATLANTIC RAILROAD.

DECIDED APRIL 19, 1935.

*William E. Mann, William G. Mann,* for plaintiff.
*Walton Whitwell, Mitchell & Mitchell,* for defendant.

SUTTON, J. This was a personal-injury action on account of alleged negligence of the defendant in operating its train, which ran into the plaintiff at an excessive rate of speed in the City of Dalton, and negligence in approaching the crossing where the injury occurred without blowing its whistle, ringing its bell, or giving any other signal or warning of its approach, all in violation of the law and of valid subsisting ordinances of said city. Plaintiff alleged that the injury happened at night and that a high embank-

ment on the right of way adjacent to the railroad-tracks prevented him from seeing the approaching train, as he attempted to cross at a street-crossing with his automobile truck, that he did not see the train or its headlight, and did not know it was approaching. The first trial resulted in a verdict for the plaintiff, and the judgment was reversed by this court on account of an antecedent ruling of the trial court on special demurrer. *W. & A. Railroad* v. *Crawford,* 47 *Ga. App.* 591 (170 S. E. 824). Upon a second trial a verdict was rendered in favor of the defendant. The plaintiff moved for a new trial on the general grounds, and on six special grounds, in which he assigns as error certain excerpts from the charge of the court. The trial judge overruled the motion, and to this judgment the plaintiff excepted. *Held:*

■ It is true that "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence," and that "Failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured." *W. & A. Railroad* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802); *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710 (55 S. E. 948); *W. & A. Railroad Co.* v. *York,* 128 *Ga.* 687, 689 (58 S. E. 183). It is likewise true that "Exceptions to instructions by the court to the jury, which in themselves are correct, on the ground that the court failed to give in connection therewith other pertinent principles of law, do not furnish grounds for the grant of a new trial." *Roach* v. *State,* 157 *Ga.* 112 (120 S. E. 771). It follows that the trial judge did not err in instructing the jury, in effect, that if the defendant was negligent as alleged, and the plaintiff by the use of ordinary care could have avoided such negligence, he could not recover, in that he did not charge in connection therewith that plaintiff's duty to avoid the negligence of the defendant, if it was negligent, did not arise until defendant's negligence was existing and apparent, or the circumstances were such that an ordinarily prudent person would have reason to ap-

prehend its existence. The charge complained of stated a correct applicable principle of law, under the pleadings and evidence in this case, and if the plaintiff desired the principle of law quoted from the *Ferguson* case, supra, charged in connection therewith, he should have properly requested the trial judge to so instruct the jury. *Brown* v. *Athens*, 47 *Ga. App.* 820 (4) (171 S. E. 730).

■ The trial judge charged the jury that "Even if you find that the defendant was negligent in one or more of the particulars alleged, yet if that negligence was not the direct and proximate cause of the injury complained of, then the plaintiff can not recover." This excerpt stated a correct and applicable principle of law. *Perry* v. *Central Railroad*, 66 *Ga.* 746; *W. & A. R.* v. *Crawford*, supra; *Queen* v. *Patent Scaffolding Co.*, 46 *Ga. App.* 364 (3) (167 S. E. 789) ; *W. & A. R.* v. *Leslie*, 48 *Ga. App.* 714 (173 S. E. 170). If the plaintiff desired a further instruction in connection with the above principle of law, it should have been duly and properly requested of the court.

■ The court erred in charging that if the defendant "was negligent in the particulars alleged in the petition, and the plaintiff in the particulars in which the defendant alleges, and the plaintiff's negligence was, along with the negligence of the defendant, both contributed together to cause the injury, and if the defendant and he also had been negligent, and if the negligence of the plaintiff contributed as the direct and proximate cause of the injury, then that would be a question of contributory negligence where the plaintiff would not be entitled to recover damages from the defendant," and the error in so charging requires the grant of a new trial. Especially is this true since the court later, in recharging the jury, instructed them on contributory or comparative negligence, and prefaced his charge to them on this principle of law with the statement: "There is another division of the law applicable to this case. It must be considered without confusing it with the instructions I have heretofore given you in reference to the obligations of the plaintiff Crawford and the defendant railroad company." The court then substantially gave in charge to the jury the law of comparative or contributory negligence, but in doing so, as stated above, told them that this was another or different division of the law and it should be considered without confusing it with the instructions previously given them.

■ There was no error in the charge of the court following a colloquy between the trial judge and jurors, after the jury had been out deliberating for 24 hours and had been called back by the judge for further instructions, to wit: Court: "Gentlemen, have you agreed upon a verdict?" Foreman: "No, sir." Court: "Without stating, gentlemen, what number favor one verdict, and what number favor another, you may state how you are divided as to number?" Foreman: "Eleven to one." Court: "Is there any part of the charge of the court that is not clear to any member of the jury? Anything further that any of you desire to ask the court in regard to the law of the case?" Receiving no response, the court charged the jury as follows: "Well, gentlemen, while you should not surrender any conscientious convictions in this matter, at the same time you should try to look at it, not only from your own view point, but from the view and standpoint of your fellow jurors. The verdict of the jury is not the opinion of any man or set of men, upon the jury, but the combined opinion of all the jurors. If there is any question you desire to ask, the court will try to answer it, gentlemen, for you; if not, I will let you go back and see if you can't agree upon a verdict." A juror then said: "This means what this jury does fixes the thing for all time; is that what it means?" Court: "Yes, sir, what you do is supposed to fix the thing." A juror then asked: "Could one carry it up?" The court: "Oh, yes, either side could appeal the case if they wanted to." See, in this connection, *Dalton Fruit & Produce Co.* v. *Puryear*, 22 *Ga. App.* 489 (96 S. E. 344). The foregoing did not tend to unduly press or urge the jury to find a verdict, and certainly not to return a verdict for either one side or the other. *Golatt* v. *State*, 130 *Ga.* 18 (60 S. E. 107); *Parker* v. *Ga. Pacific Ry. Co.*, 83 *Ga.* 539 (10 S. E. 233).

■ The grounds of the motion for a new trial were not subject to the criticisms urged against them, but were in sufficient form to be passed upon by this court.

■ The contention of the defendant that a verdict in its favor was demanded under the evidence, and that therefore, even if the court erred in charging the jury, a new trial should not be granted to plaintiff, is without merit. A verdict in defendant's favor was not demanded.

■ The court erred in overruling the motion for a new trial.

154

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., concurs in all but paragraph 4.*