## 25335. ATLANTA, BIRMINGHAM AND COAST RAILROAD COMPANY *v.* DAVIS.

DECIDED JULY 15, 1936. ADHERED TO ON REHEARING JULY 30, 1936.

*Hay & Gainey, Waldo DeLoache, J. O. Gibson,* for plaintiff in error.

*Tilus & Dekle,* contra.

STEPHENS, J. Vernice Davis, by next friend, filed a suit against Atlanta, Birmingham & Coast Railroad Company, alleging that on a given date he was struck and injured by a train of the defendant at a street crossing in the City of Thomasville; that at the time he was riding along the street in an automobile which was struck by a passenger-train running backward upon the crossing; that the automobile was owned and controlled and was being driven by one Fagalee, and at the time of the injury the petitioner exercised no control or dominion over the car or the driver thereof; that the train was running rapidly; that there was no signal either by the ringing of a bell or the blowing of a whistle or by a flagman or otherwise on the back end of said train to signal its approach to the crossing; that the street was one of the principal paved streets of the city, forming a part of one of the main public highways out of the city towards the east, and there was a large amount of traffic thereon going both eastward and westward; that the train was being propelled at a rate of speed across the crossing greater than ten miles per hour within the corporate limits of the city, in violation of a city ordinance; that the defendant was negligent, "first, in driving said passenger-train backward upon and over said public street crossing; second, by running said passenger-train backward upon said street crossing without any signal or person on the back of said train to signal the approach thereof to said public crossing; third, by running said passenger-train over and across said crossing at a greater speed than ten miles per hour." The defendant demurred to the petition on several grounds. Before this demurrer was decided, the plaintiff filed an amendment to the petition, in which he added thereto three allegations of negligence as follows: "That said engineer was negligent in that he failed to keep and maintain, and was not keeping and maintaining at the time and place of the plaintiff's injuries, a constant and vigilant outlook along the track ahead of his engine while moving said train within the corporate limits of said City of Thomasville; that said engineer was further negligent in that at the time and place

of the plaintiff's injuries he failed to exercise due care in so controlling the movements of said train as to avoid injuring this plaintiff at said crossing, that said defendant was further negligent in that while running said train backwards towards and over said crossing it had failed to install on the back end of said train a bell by which to signal the approach of said train to said crossing; and was further negligent in that, if said bell was so installed, the said engineer of said train or no other employee of said defendant company tolled the bell for the purpose of signalling the approach of said train to said crossing in said corporate limits."

The defendant's demurrers, general and special, were overruled, and exceptions were taken. On the trial a verdict in favor of the plaintiff was rendered. A motion for new trial was overruled, and the defendant excepted.

■ The allegation that the defendant was negligent in driving the train backward over the crossing was demurred to as insufficient in law, as a bare conclusion of the pleader, no facts being alleged to show wherein a backward movement was negligence. From a mere reading of the three allegations of negligence in the original petition it appears that it was the intention of the pleader to charge the mere backward movement as negligence, without regard to other allegations. There is no law prohibiting backward movements of trains. If it was error to overrule this ground of demurrer, the error was harmless to the defendant, in view of the issues submitted by the charge to the jury. The judge instructed the jury that it was not negligence as a matter of law for a train to back in its operation on a railroad-track, and that while the train was being backed it was the duty of the engineer to keep a lookout on the side of the train in the direction in which the train was moving. From a consideration of the entire charge the jury necessarily must have understood that the defendant would not be liable for the plaintiff's injuries unless the defendant in operating the train backwards across the crossing did so in a negligent manner as charged in the petition and as authorized by the evidence. The jury could not have understood that the defendant would be liable for the plaintiff's injuries as a result of the mere running of the train backwards over the crossing, without refer-

ence to its operation in some negligent manner as. alleged in the petition and authorized by the evidence.

█ The allegation that the engineer failed to keep a constant and vigilant outlook along the track ahead of his engine was demurred to as insufficient in law, on the ground that no fact was set forth to show wherein the failure to look in the opposite direction caused or contributed to the accident occurring at the other end of the train. The real gist of this demurrer is that the statute does not require the engineer of a backing train to keep a lookout. This is not a proper construction of the law. The word "ahead" in the statute must be construed as relating to the direction in which the train is moving, rather than to the direction in which the pilot on the engine is pointing. Although it is argued in the brief of the plaintiff in error that a lookout by the engineer would not, under the plaintiff's allegations, have resulted in his seeing the automobile, the demurrer does not raise this question. Consequently the cases of *Western & Atlantic Railroad* v. *Crawford*, 47 *Ga. App.* 591 (170 S. E. 824) and *Western & Atlantic Railroad* v. *Leslie*, 48 *Ga. App.* 714 (3) (173 S. E. 170), are not applicable. It was not error to overrule this ground of the demurrer.

█ The allegation that the defendant was negligent in having failed to install on the back end of the train a bell by which the train's approach to the crossing could be signalled, and that the defendant was also negligent in that if a bell was so installed the engineer of the train or other employees were negligent in failing to ring the bell for the purpose of signalling the approach of the train to the crossing, was not subject to demurrer as being duplicitous. The allegation is to the effect that the defendant was negligent in failing to give a signal by the ringing of a bell of the train's approach to the crossing, whether for the reason that the defendant had no bell on its train, or, if it had a bell, in failing to ring it.

█ The demurrer to the allegation that the engineer was negligent in that he failed to exercise due care in controlling the movements of the train was not well taken. The allegation is to be taken in connection with other allegations in the petition, especially the one as to the speed of the train. It was not error to overrule this ground of the demurrer.

█ In the motion for new trial the defendant excepted to the

failure of the court to give to the jury a requested charge that if the driver of the automobile in which the plaintiff was riding violated a city ordinance with reference to speed, by operating the automobile along the street at a speed in excess of twenty-five miles an hour, or by a failure to slow down to a slow rate of speed when crossing intersecting streets, the driver would be guilty of negligence per se; and that if this negligence was the sole proximate cause of the plaintiff's injuries, the plaintiff could not recover. The ordinance, in so far as it makes it negligence per se for the driver of an automobile to fail to slow down when crossing an intersecting street, has no application where the alleged injury is not caused by reason of the automobile crossing the intersecting street. A violation of the ordinance by the driver of the automobile in this respect was not negligence per se as respects any injury caused by the collision of the automobile with the railroad-train which was not caused by reason of the driver's crossing an intersecting street. Therefore the charge requested, when taken as a whole, was not applicable to the issues presented. Assuming that a portion was applicable, where the court was requested to charge that the driver of the automobile, who was not the plaintiff, would be guilty of negligence per se if at the time he was operating the automobile along the streets of the city at a speed in excess of that provided by an ordinance of the city, and that if this negligence was the sole proximate cause of the plaintiff's injury the plaintiff could not recover, the applicability of the charge requested must be tested and determined by the charge as requested in its entirety; and where the charge requested in its entirety is not applicable to the issues presented, there is no error in the court's refusal to give it in the charge to the jury. Moreover, the refusal of the request was not necessarily harmful to the defendant, since the court clearly in the general charge instructed the jury that if the plaintiff's injuries were caused solely by the negligence of the driver of the automobile, if the driver was negligent, the plaintiff could not recover; and that, as provided by law of the State, no person shall operate a motor vehicle upon any public street or highway at a greater speed than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of the street or highway, so as to endanger life, limb, or property in any respect whatsoever, and that the speed shall

not in any event exceed forty miles an hour; and that if the driver of the automobile shall operate it upon a public highway at a greater speed than is reasonable and safe under the circumstances then existing, or shall operate so as to endanger life, limb, or property, or at a speed greater than forty miles an hour, the driver would be guilty of negligence per se; and if this negligence was the sole proximate cause of the plaintiff's injuries, the plaintiff could not recover.

■ The court charged that if the jury should find from the evidence that the driver of the automobile in which the plaintiff was riding was operating the automobile while under the influence of intoxicating liquor, if the conduct of the driver was the sole proximate cause of the plaintiff's injuries, the plaintiff could not recover. In the motion for new trial it is alleged that the charge was error, in that the court omitted therefrom an instruction that if the driver of the automobile was operating it while under the influence of intoxicating liquor he would be guilty of negligence per se. The court, in instructing the jury that if the driver of the automobile was operating the automobile while under the influence of intoxicating liquor, and if the conduct of the driver in so operating the automobile was the sole proximate cause of the plaintiff's injuries the plaintiff could not recover, in effect charged the jury that the alleged negligence of the driver in operating the automobile while under the influence of liquor was negligence as a matter of law. There is no merit in this exception.

■ The defendant excepts to a failure of the court to give a requested charge to the effect that a violation by the operator of an automobile of the penal statutes of the State in the operation of the automobile constitutes negligence per se, and that if the driver of the automobile in which the plaintiff was riding was guilty of any violation of such statutes he would be guilty of negligence per se, and that the jury should determine the effect of such negligence in passing upon the question of the proximate cause of the injuries complained of. This request was substantially covered by the general charge, where the court instructed the jury that if the driver of the automobile in which the plaintiff was riding violated certain specific provisions of the statutes of the State with reference to operating an automobile on the streets or highways at a rate of speed prohibited by law, or while the driver

was under the influence of intoxicating liquor, and that if such illegal operation of the automobile was the sole proximate cause of the plaintiff's injuries, the plaintiff could not recover. Therefore it was not error to refuse to charge as requested.

■ The defendant excepts to a failure of the court to give to the jury a requested charge as follows: "The plaintiff can not recover in this case, no matter what the negligence of the defendant may have been, short of actual wantonness, if you believe from the evidence that the plaintiff could by the exercise of ordinary care, after the negligence, if any, of the defendant began or was existing, have avoided the consequences of that negligence." This request was not a correct statement of the law, because it would have instructed the jury in effect that the plaintiff would be barred from a recovery upon his failure to avoid the consequences of the defendant's negligence, without reference to any knowledge by the plaintiff of the existence of such negligence, or to any negligence of the plaintiff in failing to become aware of the existence of the defendant's negligence. It was not error to refuse the request.

■ Where the court in its charge instructed the jury that if they should believe that warning signals, such as a person waving a napkin at the automobile when it was approaching the railroad crossing, or persons hollering at the driver of the automobile when it was approaching the railroad crossing, had been given, the jury should not consider such warnings unless they were seen and understood by the plaintiff, or would have been seen by him in the exercise of ordinary care for his safety and he knew what they meant, it was not error to fail to charge on request, that the defendant would not be liable for the injuries to the plaintiff if the defendant failed to give the signals of the train's approach which are required by statute, if any other warning was given of the train's approach which in fact notified the plaintiff of the train's approach, or which would have given him notice if he had used ordinary care so that he could have avoided the accident. No error is set out in this ground of the motion for new trial.

■ It was not error, on the ground that the evidence as to the warnings given by waiving a napkin or hollering at the driver of the automobile was "admissible without restriction or limitation, but should go to the jury for such weight" as the jury saw fit to

give to the evidence, for the court to instruct the jury as indicated with reference to the weight to be given to such evidence. The failure of the plaintiff to regard such warnings could not be negligence where the plaintiff was not aware of the warnings or could not have become aware of them in the exercise of ordinary care. The court, in instructing the jury as above indicated with reference to the weight to be given to the evidence respecting the warnings or signals referred to, did not eliminate such evidence from the consideration of the jury. The court in submitting to the jury as an issue of fact whether such warnings had been given did not withdraw from the jury the consideration of such evidence for the purpose of contradicting or impeaching the testimony of the driver of the automobile that such warnings had not been given, but if they had been given he would have seen them and stopped the automobile. There is no merit in this ground of the motion for new trial.

The evidence presented an issue of fact as to whether the plaintiff's injuries were proximately caused by the negligence of the defendant, and therefore the verdict for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Sutlon, J., concur.*