27535. WISE *v.* ATLANTA & WEST POINT RAILROAD COMPANY.

DECIDED SEPTEMBER 26, 1939. REHEARING DENIED DECEMBER 16, 1939.

*A. H. Freeman, Stonewall H. Dyer, Ellis G. Arnall,* for plaintiff.
*Heyman & Heyman, Stanford Arnold,* for defendant.

GUERRY, J. This is the third appearance of this case in this court. See 54 *Ga. App.* 666 (188 S. E. 915) ; 58 *Ga. App.* 200 (198 S. E. 126). The plaintiff sued for the homicide of her husband. The case as originally brought was predicated on the fact that the crossing at which the deceased met his death because of the operation of defendant's train was a public crossing. The former decision by this court held that the evidence failed to show that that crossing was a public crossing and for that reason the duties as alleged and proved were applicable to a person injured at a public crossing, and not to a private-crossing injury.

When the case again reached the trial court the petition was amended by striking the allegations as to the crossing being a public crossing, and by alleging that the crossing was a private crossing, known as Hallman's Crossing, and had been in constant and uninterrupted use as such by the people of the neighborhood for forty years, and had been recognized by the defendant as such. The allegations with respect to the duty owing to a person at or on a public crossing, such as the erection of blow posts and the blowing of the whistle as prescribed by law, were stricken, and it was alleged that said train approached said crossing at a speed of sixty miles per hour. The specific acts of negligence as first alleged were : " (1) in not erecting blow posts on each side of said Hallman's Crossing and four hundred yards from the point where the said road crosses the tracks of said defendant; (2) in failing to signal the approach of said train to said crossing by blowing the whistle or ringing the bell; (3) because the engineer in charge of said train failed to keep and maintain a constant and vigilant lookout along the tracks to avoid doing injury to any person on the track;

(4) allowing bushes, weeds, and grass as described in the petition, to grow on the embankment as alleged in said petition; (5) driving the train at said time and place at sixty miles per hour; (6) failure of the engineer to reduce the speed of the said train as it approached the said crossing, and to stop the said train in time to avoid injuring petitioner's husband; (7) failing to exercise ordinary care to anticipate the presence of persons at said crossing, and not operating the said train in a way to avoid injuring travelers entering upon the said crossing; (8) failing to signal the approach of the said train to said crossing after observing petitioner's said husband as he approached the said crossing, and failing to reduce the speed of said train to avoid injuring petitioner's said husband at said crossing; (9) the failure of the said employees of said defendant in charge of said train to exercise ordinary care and diligence to avoid injuring petitioner's said husband at said crossing after his presence became known to the said employees." It was also alleged that the engineer in charge of said train saw the deceased approaching said crossing, and negligently failed to give any warning or signal of the approach to said crossing or to check the speed of said train, and thereby killed the plaintiff's husband, and that by reason of these acts, which were alleged to be negligent, the homicide occurred.

The petition as amended contained the allegations that the plaintiff's husband was traveling a private road approaching said railroad; that at the point where said private road crosses said railroad the tracks run in a northerly and southerly direction and the road runs in an easterly and westerly direction; that on the east side of the railroad at said crossing there is a sharp turn "of seventy-five degrees or more, which extends to within three feet of the tracks of said defendant; and that there is also a bank or cut at least twelve feet high on the east side of said railroad at said crossing," and at the time, on top of said bank, for a longitudinal distance of at least four feet south of said crossing, tall bushes, grass, and weeds were growing four feet high, and travelers approaching said crossing from the east, the direction from which the deceased was approaching, could not see down the tracks in a southerly direction on account of said embankment, bushes, and grass. It was further alleged that the deceased at the time he was approaching said crossing could not see an approaching train be-

cause of said embankment, bushes, grass, and the like; that he was driving his car in approaching said railroad tracks at a speed of ten miles per hour; and that the defendant's train approaching from the south was running at a speed of sixty miles per hour. The court sustained a demurrer to the petition as amended and the plaintiff excepted.

It has been decided too many times to need further citation that the amendment as allowed did not set up a new and distinct cause of action. Judge Bleckley in *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809), has decided this question in an exhaustive and brilliant opinion. Judge Simmons in *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (5) (48 S. E. 318), said: "No new and distinct cause of action is added to a petition by an amendment which contains additional matter descriptive of the *same wrong*, pleaded in the original petition, and which does not plead *any other or additional wrong*." (Italics ours.) The demurrer raising the question as to a new cause of action was insufficient.

We must keep in mind always the fact that the plaintiff is not entitled to recover if the deceased, by the use of ordinary care, could have avoided the consequences of the defendant's negligence. We may say in this case that the allegation that the engineer failed to keep a constant and vigilant lookout was subject to the demurrer. In *Western & Atlantic Railroad* v. *Crawford*, 47 *Ga. App.* 591 (170 S. E. 824), this court said that such a ground of negligence was immaterial and irrelevant in view of the further allegation, as in this case, that a deep cut prevented persons approaching from the direction from which the plaintiff's husband was approaching from seeing the train until they were within five feet of the crossing. If, as a matter of fact, as is alleged in this case, the twelve-foot embankment and the four-foot growth of bushes and weeds on top thereof prevented the plaintiff's husband from seeing the train approaching said crossing, the same obstructions would have prevented the engineer from seeing the deceased while he was approaching such crossing, no circumstances being alleged which would show any exception or prevent such conclusion from being true. The failure to keep a lookout when it would have been of no avail does not ordinarily contribute to the injury.

The alleged failure of the defendant company to keep its right of way at such crossing clear of weeds and bushes did not violate

any duty owed to the plaintiff's husband. The owner of the premises owes no such duty to a licensee or trespasser. *Willingham* v. *Macon & Birmingham R. Co.,* 113 *Ga.* 374 (38 S. E. 843). Code, § 105-402, provides; "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury." The demurrer as to this ground of negligence was properly sustained. We think the allegation that the engineer saw the deceased and failed to take precautions after having seen him to prevent injuring him is inconsistent with the allegation that the deceased could not see the approaching train on account of the embankment and bushes. There is no allegation in the petition which shows any special reason why the engineer could see the car approaching the railroad track while the driver of the car was unable to see the train. Construed most strongly against the pleader this allegation was subject to the demurrer. No wilful or wanton negligence was shown.

The only allegations of negligence left in the petition which were not subject to demurrer were those as to the failure of the engineer to give any signal of the approach of the train and to reduce the speed of the train so as to ·be able to prevent injuries to persons who might be on the crossing. A failure to blow the whistle or ring the bell on the train approaching the private crossing was not negligence per se as it might have been had the crossing been a public crossing. In *W. & A. R. Co.* v. *Meigs,* 74 *Ga.* 857, 865, it was said: "Railroad engineers should observe more caution in running at places where they know persons are likely to be on the track than elsewhere, even if those persons are trespassers, and especially is this true when the company has at least tacitly consented to this otherwise unauthorized use of its property by the public." Whether such failure on the part of the defendant to blow its whistle or ring its bell or check the speed of its train amounted to ordinary negligence is a matter which can be solved alone by the jury. As was said in the *Bullard* case, supra, at page 648, "It was for the jury, and not for the court, to say what was the measure of its duty under all ·the circumstances of the case." Judge Jenkins in *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718), has aptly stated

the rule as taken from the case of *Louisville & Nashville R. Co.* v. *Arp,* 136 *Ga.* 489 (71 S. E. 867) : "Where a private way crosses the track of a railroad company, and the crossing is maintained by the company, and has for a number of years been in constant and uninterrupted use by the people of the community, a jury may be authorized to find that the servants in charge of a train should anticipate that a person may be on the track at such point, and use such precaution to prevent injury to him as would meet the requirements of ordinary care." This principle has been recently followed by the Supreme Court in *Western and Atlantic R. Co.* v. *Michael,* 175 *Ga.* 1 (6) (165 S. E. 37). It is too well established to require any further citation of the numerous authorities thereon. We think the petition alleged ordinary negligence against the defendant. It failed to allege wilful and wanton negligence.

Having alleged ordinary negligence, if it also showed that the deceased by the exercise of ordinary care himself could have avoided the consequences of the defendant's negligence, the general demurrer would have properly been sustained. One who is himself a trespasser, and whose presence need not be anticipated, can hold the railroad liable only because of wanton and wilful negligence. In *Lowe* v. *Payne,* 156 *Ga.* 312, 316 (118 S. E. 924), it is said: "If a homicide occurs at a place upon the track of a railway company, where it was the duty of the servants of the company to anticipate the presence of persons on the track, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed, under such circumstances, amounting to the lack of ordinary care for his safety, and where the person killed could by the exercise of ordinary care have avoided the consequences to himself of such negligence of the servants of the company, will prevent a recovery by a plaintiff who sues for such homicide." If the facts as alleged in this case show a plain, palpable, and indisputable example of an injury brought about by the lack of ordinary care on the part of the plaintiff's husband, the demurrer was properly sustained. The allegations of the petition are that the deceased was lawfully entering a crossing where he was entitled to be. No facts are alleged which make it plain, palpable, and indisputable that he was not exercising ordinary care and that this constituted the proximate cause of the injury. We think the petition set out a cause of action. Questions of diligence and negli-

gence, contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer, unless they are clear, plain, and indisputable. Such does not appear in this case, and we think the court erred in sustaining the general demurrer. The failure to stop, look, and listen, by one approaching a railroad track has never been held by the courts of this State, *as a matter of law,* to be negligence. *Tenn., Ala., & Ga. R. Co.* v. *Neely,* 27 *Ga. App.* 491, 493 (108 S. E. 629) ; *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.* 407 (3) (59 S. E. 1124) ; *Columbus Railroad Co.* v. *Peddy,* 120 *Ga.* 589 (5) (48 S. E. 149) ; *Seaboard Air-Line Railway* v. *Blackwell,* 16 *Ga. App.* 504 (85 S. E. 686). The *Slaton* case, supra, is especially pertinent to the facts here alleged.

The issue made by the pleading is whether the failure of the engineer to give any warning of the approach of the train and to have it under control, if such alleged fact be true, amounted to a lack of ordinary care under the circumstances of the case. If this be found to be true, was this fact the proximate cause of the injury? Could the plaintiff's husband by the exercise of ordinary care have avoided the result of the negligence, if any, of the defendant? We think these are questions made by the petition and they may not be solved on demurrer.

The court should have left these questions to the jury. It was error to sustain the general demurrer.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion, the petition as finally amended, properly construed (most strongly against the pleader), shows that the decedent, by the exercise of ordinary care, could have avoided the consequences to himself of the alleged negligence of the defendant. If this be true, the general demurrer was properly sustained.

### ON MOTION FOR REHEARING.

The plaintiff in this case was such a licensee as that the defendant railroad company owed him no duty to maintain the private way up to any definite degree of safety. In using such private way, however, which had been in constant and uninterrupted use for forty years, the unbroken line of decisions of this court and the

Supreme Court is clear that a jury is authorized to find that servants in charge of a train may anticipate his presence and use such precaution to prevent injury as would meet the requirements of ordinary care. Code, § 105-402, is codified from the case of *Petree* v. *Davison-Paxon Stokes Co.,* 30 *Ga. App.* 490 (118 S. E. 697), and is applicable to the degree of care an owner of premises is due a licensee. It did not have the effect of repealing the cases cited in this opinion. See *Atlantic Coast Line R. Co.* v. *Heath,* 57 *Ga. App.* 763, 772 (196 S. E. 125).

*Motion for rehearing denied. MacIntyre, J., concurs. Broyles, C. J., dissents.*