27970. GEORGIA NORTHERN RAILWAY CO. *v.* ROLLINS.

DECIDED FEBRUARY 22, 1940. ADHERED TO ON REHEARING, MARCH 30, 1940.

*Waldo DeLoache, J. O. Gibson,* for plaintiff in error.

*J. E. Craigmiles,* contra.

MacIntyre, J. ■ The plaintiff sought recovery for the killing of a cow and a hog and injury to a heifer by the defendant's train at a public crossing. The petition as amended alleged that the defendant, while operating its train "through its engineer, agents, and servants, failed to slow down its locomotive so as to have the same under control at" a designated public crossing; that "all the live stock . . were on said track of said railroad company within fifty feet of said crossing, known as Spangler's Crossing, in full view in the daytime and in such position on said track as to be visible to the said engineer, agents, and servants of defendant; . . that by the exercise of ordinary care and diligence, by constant lookout ahead of the engine and locomotive, the defendant could have avoided the killing of said cow and hog and inflicting said injuries to said heifer;" that "the said defendant did not keep a constant lookout ahead of the said engine and locomotive;" that the "defendant, by failing to slow down its said engine and locomotive and have it under control [whereby it] could have avoided the said killing of said cow and said hog and inflicting said injuries to said heifer, failed to use ordinary care and diligence in the handling of its said engine and locomotive at said crossing;" and "that defendant was guilty of negligence in the killing of said cow and hog and inflicting said injuries to said heifer." In the petition the plaintiff alleged that the "defendant was guilty of violating the laws of said State, in not slowing down its said train to be under control and the killing of said cow, heifer, and hog [which was] negligence per se," but before the judge ruled on the demurrer the plaintiff struck this portion of his petition. The defendant demurred to the petition, on the ground that the allegation that the "engineer, agents, and servants failed to slow down its locomotive so as to have the same under control at said crossing" constitutes no allegation of negligence when construed in the light of the other allegations, and that "the speed of said train at such time and place is not alleged."

While that part of section 2675 of the Code of 1910 which recites that whenever the engineer shall arrive at the blow-post he

shall be required "to simultaneously check and keep checking the speed thereof, so as to stop in time should any person or thing be crossing said track on said road," has been repealed, yet the Code of 1933, § 94-506, replaces this section; and although it is less stringent, still it requires the engineer to keep a constant and vigilant lookout along the track ahead of said engine, and to otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on said crossing, or upon the line of said railway at any point within fifty feet of such crossing. While it is thus true that there is no longer a statute expressly requiring the engineer, as a matter of law, "to slow down his train and to have it under control at public crossings," yet, in connection with the other allegations of the petition, it may, under some circumstances, of course be alleged that it was negligence (not negligence per se) to fail to slow the locomotive and train so as to have the train under control at a public crossing. *Atlantic Coast Line Railroad Co.* v. *Bradshaw,* 34 *Ga. App.* 360 (129 S. E. 304); *Western & Atlantic Railroad Co.* v. *Leslie,* 48 *Ga. App.* 714, 719 (173 S. E. 170). The effect of the allegations in the petition that the operation of the train by the defendant's agents and servants at the time and place in question was, not that it was negligence on the part of the defendant not to slow its train and have it under control at all public crossings and under all conditions, but that under the conditions described in the petition, as to the plaintiff, it might constitute negligence; and it was proper for the jury to consider this in determining whether the defendant had exercised toward the plaintiff's property that degree of care which it was bound to exercise for the safety of his property at said public crossing, having regard to all the facts and circumstances of the case. *Georgia Power Co.* v. *Braswell,* 48 *Ga. App.* 654, 656 (173 S. E. 763). Of course the testimony in this case could not be considered at the time of the ruling on the demurrer; yet, as it subsequently developed, it is a good illustration of the reason for the rule. To illustrate: the testimony of the engineer disclosed, that, in approaching the crossing from the direction in which his train was traveling on the occasion in question, the tracks come over a hill, and there is a steep down-grade from the top thereof to the crossing; that he could not see the crossing until the locomotive came over the top of said hill, and then he saw the

cattle on or near the crossing approximately one hundred yards away; that when he saw the cattle he made every effort to stop the train, but was unable to do so, and that it required approximately two hundred and twenty yards to stop his train under those conditions. Would not this have made it a jury question, under the facts as alleged in the petition, as to whether or not he should have slowed his train before reaching the top of the hill, so that if persons or live stock were traveling over the track at the public crossing he could, by exercise of ordinary care, have avoided injuring them, provided of course, their own lack of ordinary care was not the proximate cause of the injury? To emphasize the illustration, suppose, instead of live stock, children going to school were traveling over the crossing and were injured although they exercised due care. The petition was not subject to the demurrer, and the judge did not err in overruling it.

■ When the charge of the court is considered as a whole, the grounds complaining of certain isolated excerpts show no reversible error for the reasons therein urged.

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

ON REHEARING.

MacIntyre, J. The petition alleges: "5th. The said crossing . . is a public crossing. All the live stock above described were on said track of said railroad company within fifty feet of said crossing, known as Spangler's Crossing, in full view in the daytime, and in such position on said track as to be visible to the said engineer, agents, and servants of defendant railroad corporation. 6th. Your petitioner alleges that by the exercise of ordinary care and diligence, by constant lookout ahead of the engine and locomotive, the defendant could have avoided the killing of said cow and hog and inflicting said injuries to said heifer. The said defendant did not keep a constant lookout ahead of the said engine and locomotive. 7th. Your petitioner avers defendant by failing to slow down its said engine and locomotive and have it under control could have avoided the said killing of said cow and said hog and inflicting said injuries to said heifer, and failed to use ordinary care and diligence in the handling of its said engine and locomotive at said crossing." The defendant demurred to paragraph 7, on the

ground that the allegations therein did not constitute negligence when construed in the light of the other allegations of the petition, and that the speed of the train at such time and place was not alleged. The plaintiff contended that the allegations therein constituted omissions of duty which amounted to negligence. We can not hold, as a matter of law, that the allegations of paragraph 7 do not constitute negligence under the circumstances. These omissions of duty were subject to explanations by the defendant. Explanations of these matters of defense need not have been alleged. *Central of Georgia Railway Co.* v. *Bagley,* 121 *Ga.* 781 (2), 782 (49 S. E. 780) ; *Central of Georgia Railway Co.* v. *Grace,* 46 *Ga. App.* 101 (166 S. E. 684) ; *Western & Atlantic Railroad* v. *Reed,* 33 *Ga. App.* 396, 401 (126 S. E. 393).

*Judgment adhered to. Broyles, C. J., and Guerry, J., concur.*