**33227. ATLANTIC COAST LINE RAILROAD COMPANY *et al. v.* JORDAN.**

DECIDED OCTOBER 10, 1950. ADHERED TO ON REHEARING DECEMBER 19, 1950.

62

Bennet, Peacock & Perry, Asa D. Kelley Jr., for plaintiffs in error.

Frank S. Twitty, Robert Culpepper Jr., contra.

GARDNER, J.  1.  The defendants concede that the petition, as amended, set out a cause of action good as against general demurrer; but insist that the special demurrer to the allegations of the petition that the defendants were grossly negligent in the failure of the engineer to keep and maintain a constant and vigilant lookout along the track ahead of the engine while moving

within the corporate limits of said city, so as to avoid injury to persons and property on such crossing or within fifty feet thereof, was well taken and should have been sustained because said allegations set forth no basis of legal liability against the defendants; it being urged that, "since it is alleged in substance that neither the driver of the automobile nor petitioner's son could see the approaching train because of the station and shed, it follows that the engineer would have been unable to see the approach of the automobile to the crossing; therefore, it is apparent in the above allegation of said petition that the failure of the engineer to maintain a constant and vigilant lookout down the track was not and could not have been a contributing cause of the accident." The defendants cite in support of this contention *W. & A. R.* v. *Crawford*, 47 *Ga. App.* 591 (170 S. E. 824), *W. & A. R.* v. *Leslie*, 48 *Ga. App.* 714 (3) (173 S. E. 170), and *Wise* v. *A. & W. P. R. Co.*, 61 *Ga. App.* 372, 375 (6 S. E. 2d, 135). While these cases, under the facts therein appearing, hold substantially that the allegations in the petition to the effect that the approach of the defendant's train could not be observed by the plaintiff by reason of the obstructions along the track of the defendant, and that by reason of the defendant's failure to keep a proper lookout the plaintiff was injured, were subject to demurrer, in that, if the obstructions were such that the plaintiff could not see the approaching train of the defendant, then the defendant railroad company's servants could not, for the same reason, see the approach of the plaintiff to the crossing—it appears from the allegations of the petition, as amended, in this case that, had the defendant railroad company's engineer maintained a proper and vigilant lookout ahead of the locomotive as the train approached this crossing, he could have seen the several boxcars, and, knowing of the static condition of the crossing as to the railroad station and buildings, would have known that the boxcars along said track reduced the vision of anyone approaching the crossing from the west along Broad Street as to the train approaching the crossing from the north. These allegations, under the facts set out in the petition, as amended, were not subject to the special demurrer urged, and presented a jury question. The court did not err in overruling this ground of demurrer.

See generally, as to obstructions along the track of the railroad at a public crossing obstructing the view of approaching motorists, *Callaway* v. *Pickard,* 68 *Ga. App.* 637 (23 S. E. 2d, 564).

2. There are thirteen special grounds added to the original motion for new trial. Special grounds numbered 9, 13, and 16 have been abandoned. In special ground 4 the defendants contend that the court erred in charging the jury that the defendants contended that the damage to the plaintiff's car, if any, was due to the negligence of the driver thereof, because one of their contentions was that the plaintiff's son, as well as such driver, was negligent in not using due care in approaching said crossing and in not keeping a lookout and observing the approaching train. The evidence disclosed that the plaintiff's son was not in charge of the operation of the car at this time, but had been hurt in a football game and had asked another person, Andy Morrell, to drive him home in this car, and that the plaintiff's son was resting on the back seat of the car at the time, having nothing to do with the operation of the car. The failure of the court to state in this charge that the defendants so contended does not, under the facts of this case and the charge as given, require a reversal.

In special grounds 5 and 15 the defendants contend that the court erred in failing to charge that the law imposed upon the plaintiff's son the duty of exercising ordinary care on the occasion in question, and that, if he failed to do so and such failure was the proximate cause of the wreck and damage to the plaintiff's car, she would not be entitled to recover. Under the facts appearing, the court did not err in failing so to charge. There was no duty incumbent upon the plaintiff's son, at the time, to participate in the operation of the plaintiff's automobile. He had turned the operation of the car over to Andy Morrell, and he was resting on the back seat thereof, because of his injury, and had nothing to do with the operation of the car. Furthermore, any lookout by him would have been as fruitless as the lookout by the driver as he approached this crossing, due to the obstructions consisting of the depot, buildings, stationary boxcars, and the alleged failure of the train to signal its approach to the crossing. The jury determined that the driver of

the plaintiff's car was not so negligent in failing to observe the approaching train as to preclude a recovery by the plaintiff; and if, under such facts, the driver of the car was not so negligent as to preclude a recovery for failure on his part to observe the approaching train, then the plaintiff's son would not be so negligent in failing to observe the approach of the train to this crossing. There was nothing in the evidence that the plaintiff's son, by any act or omission of any duty incumbent upon him, caused or contributed to the damage to the plaintiff's car. The court did not err in failing to charge that, if the plaintiff's son could have avoided the consequences caused by the defendant's negligence, the plaintiff would not be entitled to recover, as contended in the 5th and 15th special grounds.

The failure of the court to charge, as requested in special ground 6, to the effect that it was the duty of Andy Morrell, the driver of the car, on approaching this crossing to drive the automobile at such rate of speed and to keep such lookout as would meet the requirements of ordinary care, taking into consideration all the facts and conditions then existing, as appears from the evidence, does not show error and, besides, the question of the exercise of due care by the driver of said car in approaching the crossing was adequately dealt with by the court in the charge as a whole.

The principle of law embraced in special ground 7, as to a person using his senses of sight and hearing on approaching a crossing in the exercise of ordinary care, was adequately covered by the court. Besides, under the facts, the jury were authorized to find that the driver exercised due care on approaching this crossing, and also that he could not have observed said approaching train because of said obstructions and the failure of the train to signal its approach by the tolling of its bell or otherwise. The court did not err in failing to give the instruction requested in this ground. The request embraced in ground 8 was adequately covered in the charge as given, and under the facts no error appears. The failure of the court to charge the instruction requested in special ground 10, to the effect that it was the duty of the driver of the car, in view of the obstructions to his view as he approached the crossing, to have stopped and listened before attempting to cross, was not error under the facts,

considering the entire charge of the court. The principle contained in the 11th special ground was adequately covered in the charge as given, and no error appears. There was no contention that there was any statute requiring the defendant company to maintain a watchman at this crossing, and the court did not err in failing to charge the instruction embraced in special ground 12. Besides, the question as to whether it was required of the defendant to have a watchman at such crossing or to give signals or warning of the train approaching, in order to meet the requirements of ordinary care for the safety of persons using the crossing, was sufficiently covered by the charge as a whole.

The court did not err, as contended in special ground 14, in failing to give the instructions therein embraced, dealing with negligence and defining ordinary care. The law embraced therein was adequately covered by the charge as given.

3. The evidence for the plaintiff tended to substantiate the allegations of her petition, as amended, which the defendants conceded was good as against general demurrer and set out a cause of action and valid grounds of negligence. The case was properly submitted to the jury. The evidence authorized the verdict in the plaintiff's favor, and no error of law appears from any of the special grounds requiring a new trial. Therefore, the court did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*