13015.    REDPATH CHAUTAUQUAS INCORPORATED *v.* PARKS *et al.*

STEPHENS, J.    1. Parties signing and subscribing a written instrument purporting to be a contract are presumably the parties described in the body of the instrument as the contractors, when they are capable of fitting the description in the body of the instrument and it does not affirmatively appear that they are not the parties so described.    Where in the body of the instrument the designation for one of the contracting parties is ambiguous, but is capable of a construction which would fit the description of one of the subscribing parties, it will be given such a construction rather than another construction, though plausible, which would fit a party not subscribing.    It follows that the name " Margaret Tweedy Class," recited in the body of the instrument as a contracting party, will, when the instrument is not signed by " Margaret Tweedy Class " but is signed by an aggregation of individuals, be construed as a term descriptive of the individuals, rather than as the name of an individual or corporation.

2. A contract which purports in the body of the instrument to be made with a described body or aggregation of individuals capable of definite ascertainment and identification is prima facie executed by such body or aggregation of individuals when the instrument is signed by a number of people who could fall within the aggregation described in the body of the instrument, and when there is nothing to indicate that such subscribing parties do not fall within the aggregation or class so mentioned.    A written contract purporting in its body to be an agreement between Redpath Chautauquas, Inc., of one part, and " Margaret Tweedy Class and undersigned citizens of Dawson, Georgia," of the other party, is prima facie executed by the named contracting parties when executed by Redpath Chautauquas, Inc., and a number of individuals aggregating fifty or more.    The individuals signing the instrument are, in the absence of any indication otherwise, presumably and prima facie individuals composing Margaret Tweedy Class and in addition " citizens of Dawson, Georgia."    Such instrument therefore was not void

on its face, as constituting no contract, upon the ground that it was not executed by all the contracting parties; and in a suit upon such an instrument a demurrer upon this ground was improperly sustained.

3. The instrument under consideration contains mutual promises and obligations of the contracting parties, and is not void as lacking mutuality; nor is it void for uncertainty.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1922.

Complaint; from city court of Dawson — Judge Edwards. October 17, 1921.

Application for certiorari was denied by the Supreme Court.

*Lippitt & Burt,* for plaintiff.

*R. R. Jones, Parks & Parks, Yeomans & Wilkinson,* for defendant.