142

## 24954. FIRST NATIONAL BANK OF MILLEDGEVILLE v. ROBERSON et al.

DECIDED MARCH 14, 1936. REHEARING DENIED MARCH 31, 1936.

*Sibley & Allen,* for plaintiff.

*Marion Ennis, C. A. Giles,* for defendants.

MACINTYRE, J. On September 6, 1932, the First National Bank of Milledgeville procured an execution against J. P. Roberson, and on December 8, 1932, this execution was levied on "ten bales of lint cotton located at residence of Jep [J. P.] Roberson . . nine bales in one cotton outhouse and one bale in another outhouse at said residence of defendant, levied on as property of defendant and in possession of defendant." On December 10, 1932, Tom Roberson and Miss Ester Roberson filed their joint claim affidavit to said ten bales of cotton, averring therein that it "is not the property of the said defendant, but is the property of affiants." On the same day claimants replevied the property, giving a bond in the sum of $609.04. When the case came on for trial on January 10, 1934, the court passed the following order: "It appearing' that since the filing of the claim by the claimants that the defendant in fi. fa. died and Miss Ester Roberson, one of the claimants, is the administratrix of his estate, she is hereby made a party in said case in place of said defendant in fi fa." The claimants assumed the burden of proof, and the trial proceeded. On the conclusion of the evidence for the claimants, the plaintiff in fi. fa. made a motion "to dismiss said claim and for a nonsuit." The court overruled the motion, and the plaintiff in fi. fa. excepted and filed its exceptions pendente lite. Over objection of the plaintiff in fi. fa., the claimants amended their claim "by striking therefrom the name of . . Tom Roberson, and leaving the claim in the name of Miss Ester Roberson only." To the judgment allowing this amendment the plaintiff in fi. fa. excepted and filed its exceptions pendente lite. "Thereupon plaintiff in fi. fa. renewed its motion to dismiss

and for nonsuit, which was . . overruled." Appropriate exceptions were taken to this ruling of the court. On the conclusion of the evidence for both sides, the plaintiff in fi. fa. made a motion to direct a verdict against said claim. This motion was overruled, and the plaintiff in fi. fa made proper exceptions. The jury rendered the following verdict: "We the jury find eight (8) bales of cotton not subject to the execution;" and the court entered a judgment accordingly. The plaintiff in fi. fa. filed its motion for new trial containing the usual general grounds, and subsequently amended the same by adding additional grounds. The court overruled the motion as amended, and the plaintiff in fi. fa. excepted.

To sustain its contention that the judge erred in overruling its motion to dismiss the claim, the plaintiff in fi. fa. relies on the rule stated in *Langford* v. *Johnson*, 46 *Ga. App.* 444 (3) (167 S. E. 779), and the authorities cited therein. The headnote is as follows: "The rule is well settled at law that a person can not sue himself, in other words, be both plaintiff and defendant in the same action. The rule applies in all cases where the character of the plaintiff and defendant unite in the same person, although such person sues and defends in different capacities. 1 C. J. 983, § 90. 'The broad rule of equity, applicable alike to agents, partners, guardians, executors, administrators, and directors and managing officers of corporations, is that it is the duty of a trustee not to accept any position or to enter into any relation or to do any act inconsistent with the interest of the beneficiary.' *Haley* v. *Atlantic National Fire Ins. Co.,* 151 *Ga.* 158, 163 (106 S. E. 122) ; *MacDougall* v. *National Bank of Columbus,* 150 *Ga.* 579, 581 (104 S. E. 630) ; Swope *v.* Swope, 173 Ala. 157 (55 So. 418, Ann. Cas. 1914A, 937)." The instant case is a claim case, and the nature of such a case is well stated in *Anderson* v. *Wilson,* 45 *Ga.* 25, 27, in the following language: "The proceeding in a claim case is peculiar—the real parties are the plaintiff and the claimant. It is their rights alone that are settled by the verdict. The defendant, if he has any interest at all, is interested with the plaintiff. He is not a party in any substantial sense. His admissions, as a general rule, are inadmissible for either party; his death does not abate the proceeding. If the claimant were to prove the fi. fa. paid off, it would still stand open against the defendant; the verdict of the jury would be no evidence for him." "The defendant

in execution is not a party to a statutory claim case, where the only issue made is the ordinary one between the plaintiff in execution and the claimant." *Brooks* v. *Winkles,* 139 *Ga.* 732 (3) (78 S. E. 129); *Powell* v. *Watts,* 72 *Ga.* 770. In the case at bar, the claimant was not "both plaintiff and defendant in the same action." Neither do we think that the plaintiff in fi. fa. can successfully contend that the claimant was estopped to prosecute her claim. We hold that the court did not err in overruling the motion to dismiss the claim. "An exception based upon the refusal of the court to award a nonsuit will not be considered, where, subsequently thereto, the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it." *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2) (68 S. E. 743). It follows that the court's refusal to grant a nonsuit in the instant case was not reversible error. Neither was it error for the court to allow Tom Roberson's name to be stricken from the case.

Though the evidence was conflicting, the jury was warranted in concluding from it that J. P. Roberson became sick and disabled and unable to farm his land himself and turned it over to his daughter, Miss Ester Roberson, to be cultivated by her at her own expense and in her own right, and that eight bales of the cotton levied on were produced by her under these circumstances and belonged to her. Miss Ester Roberson testified in part: "I don't know how many bales I raised individually in 1932. I do know that I did raise the cotton that was levied on—eight bales of it. There were nine bales in one place and one in the other. That one bale was one of mine. The other nine were stored in one house together. As to keeping separate the two bales on Ellen Harris's or Tom's out of that nine, we marked our cotton and those two bales had marks on them. I think you will find the marks S. H. on the ones Tom is claiming. My name is on the other eight." We hold that the court did not err either in refusing to direct a verdict for the plaintiff in execution or in overruling the general grounds of the motion for new trial.

Of the eight grounds added to the original motion by amendment, the first seven complain either of alleged error in excerpts from the charge of the court, or of the court's failure to give writ-

ten requests to charge. Considering these grounds in the light of the charge as a whole and the issues presented by the pleadings· and the evidence, none of them discloses reversible error. The last special ground complains that the court erred in refusing to direct a verdict for the plaintiff in execution. We have already indicated our view that this ground is without merit. Furthermore, under repeated decisions of the Supreme Court and this court, the refusal to direct a verdict is never error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*