## TURNER *v.* TURNER.

No. 12190.   JUNE 17, 1938.

*P. Q. Bryan* and *R. D. Smith,* for plaintiff.
*L. L. Moore,* for defendant.

JENKINS, Justice. This petition by a former wife against her divorced husband prayed for cancellation of a deed by her to the husband, and for decree of the title to the property in her, on account of the husband's alleged breach of a condition subsequent in the deed, and that the title "revert back to the grantor if the grantee denies grantor her right to live on said property with him as his wife or without him;" and alleged that the grantee husband by subsequent acts of cruel treatment breached this condition by thus denying to her the right to live with him as his wife on the property. The petition further showed, that before the execution of the deed there had been a separation as man and wife between the parties; that the wife had instituted against the husband a suit for divorce on the ground of cruel treatment before the separation; that during the pendency of such suit there was a reconciliation between the parties, in pursuance of which the wife executed to the husband the deed containing the condition subsequent above stated; that thereafter the husband renewed his acts of cruelty; and that the wife then obtained verdicts and a decree of divorce on her petition, which had remained pending. The wife offered in

evidence the pleadings, verdicts, and decree in the divorce case, and testimony to the effect that the husband, after the reconciliation and execution of the deed, had been guilty of the alleged cruel treatment, rendering it impossible to live with him. The husband introduced, without objection, testimony to the effect that he was not guilty of such alleged acts, and that the wife was guilty of cruel treatment toward him, rendering it impossible to live with her. The jury found in favor of the husband, and upon refusal of a new trial the wife excepted on the general grounds and on special grounds as to certain charges and failures to charge the jury.

1. Conditions subsequent in deeds, although not favored, will be given effect, when they are clearly created, are not inconsistent with the other terms of the conveyance, and are not rendered impossible of performance by the act of God or by the subsequent conduct of the grantor. *Taylor* v. *Sutton,* 15 *Ga.* 103 (4, 7), 109 (60 Am. D. 682). Accordingly, the provisions in the deed above referred to created a valid condition subsequent, and stipulated in terms that a breach of such condition by the grantee husband would cause the title to revert; and this would give to the grantor wife the right of re-entry. Code, §§ 37-216, 85-906; *Wilkes* v. *Groover,* 138 *Ga.* 407 (75 S. E. 353); *Johnson* v. *Tullis,* 152 *Ga.* 232 (109 S. E. 659). If performance by the husband of such a condition subsequent was made impossible by acts or conduct on the part of the wife herself, the rule would be otherwise. See *Plemmons* v. *Sharp,* 156 *Ga.* 571 (4) (119 S. E. 532). In such a case, any questions as to the alleged breach by the grantee and the alleged impossibility of performance, caused by acts or conduct of the grantor, would ordinarily be for the jury to determine under all the proved facts and circumstances. See *Turner* v. *Botts,* 170 *Ga.* 550 (3), 555 (153 S. E. 424).

2. "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure, . . in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial." *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985); *York* v. *Stonecypher,* 181 *Ga.* 435, 437 (182 S. E. 605); *Hewitt* v. *Lamb,* 130 *Ga.* 709, 713 (61 S. E. 716, 14 Ann. Cas. 800); *Powell* v. *Berry,* 145 *Ga.* 696 (5) (89

S. E. 753, L. R. A. 1917A, 306); *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792 (4), 816 (124 S. E. 787); *Central of Ga. Ry. Co.* v. *Borland,* 12 *Ga. App.* 729 (78 S. E. 352); *Savannah Electric Co.* v. *Thomas,* 30 *Ga. App.* 405 (2), 407 (118 S. E. 481). Nor is "a judge . . obliged to charge, in the absence of a timely written request, as to any collateral matter." *Patterson* v. *State,* 134 *Ga.* 264 (3), 267 (67 S. E. 816); *Branch* v. *Bishop,* 135 *Ga.* 110 (2) (68 S. E. 1021); *Colt Co.* v. *Wheeler,* 31 *Ga. App.* 427 (120 S. E. 792); *Fisher* v. *Shands,* 24 *Ga. App.* 743 (5) (102 S. E. 190). Exception is taken by the plaintiff wife to the failure to charge, without request, that the divorce verdicts and decree rendered in her favor were res judicata as to the husband's cruel treatment *after* the filing and during the pendency of the divorce suit, upon the ground that the wife in an amendment to the instant petition had pleaded the divorce proceedings, and during the trial of the case had insisted that the divorce verdicts and decree "were res adjudicata in so far as cruel treatment, inability to live safely on [the] place either with or without [the husband], and failure to feed, clothe, and shelter [the wife] and her children were concerned." The original petition alleged that the wife had filed a suit for divorce, "which suit is now pending." An amendment to the instant petition alleged that she was entitled to a decree, for the reason, among others stated, that "the defendant has been divorced from your petitioner, and has remarried, and is not using such property for the purpose of supporting your petitioner and the family of the parties hereto, but is using same exclusively for the purpose of supporting his present wife and family." The plaintiff did not, however, in terms of effect plead that the verdicts or decree constituted res judicata or an estoppel as to any right of the husband to contest the question of his alleged cruel treatment *after* the filing and during the pendency of the divorce suit. Accordingly, without regard to the merits of this unpleaded contention of the plaintiff wife, under the rules stated, and in the absence of any written request, the trial court did not, in any event, err in failing to charge as to such contention. Especially is such failure not error, since it appears from the record that the husband was permitted to introduce testimony, without objection, that the wife's conduct was the cause of the separation, and during the period in question while the divorce suit was pending he was not guilty of

any cruel treatment or misconduct; and that the case was thus tried and went to the jury without exception, under the conflicting testimony of the parties on this issue.

3. Under the rulings in *Taylor* v. *Sutton,* supra, the court did not err in charging the jury that if they found that the failure of the defendant husband to carry out the conditions of the deed "resulted from the misconduct and wrongful conduct on the part of the plaintiff, which made it impossible for the defendant to perform the obligations and the covenants and conditions expressed in the deed, then the plaintiff could not take advantage of her own wrong, if you believe she was wrong, and the failure of the defendant was chargeable to her wrong," upon the ground that such instruction imposed a greater obligation on the plaintiff than the law required.

4. The failure to charge the rules and the contentions of the plaintiff as to her damages for waste and rent, if she should recover, might be considered as harmless to her under the verdict as rendered, since on the main issue of her right of recovery by cancellation of the deed to the defendant the verdict was against her; but since the judgment must be reversed upon another ground, the question as to damage should be submitted at the next trial, provided the evidence should then present the same issues as in the instant record. See, in this connection, *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705-707 (181 S. E. 315), and cit.

5. The court charged as follows: "If you believe and find from the evidence in the case that the defendant himself wilfully, deliberately, and wantonly violated his obligation and his promises and the terms of the deed, then if you find that to be the truth of the case, you will find in favor of the plaintiff, and that the deed be canceled as prayed, and that defendant be enjoined from interference with her in the control or ownership of her property." This instruction was subject to the exception taken, as erroneous and likely to have been prejudicial to the plaintiff, on the ground that it placed upon her "the duty of proving that defendant wilfully, deliberately, and wantonly violated the conditions subsequent expressed in the deed," and thus required her to "prove more than the law requires." Especially was such a charge likely to have been harmful, where the acts of the wife, which it was charged would excuse performance by the husband of the conditions of the

deed, were stated as "misconduct and wrongful conduct," without the qualifying adjectives used with reference to the husband. It was error to refuse a new trial to the plaintiff.

*Judgment reversed. All the Justices concur.*