28648. STEMBRIDGE *v.* FOWLER.

Decided March 1, 1941.

*Frank O. Evans,* for plaintiff in error.

*C. A. Giles, Marion Ennis,* contra.

Felton, J. Mrs. Mamie V. Fowler sued Marion W. Stembridge, alleging that the defendant through his agents and employees damaged petitioner's timberlands as a consequence of setting fire to defendant's sawmill site and a spread of the fire to petitioner's lands. At the conclusion of the evidence for both the plaintiff and the defendant the defendant made a motion for nonsuit which was overruled. He then made a motion for a directed verdict which was overruled. The jury found for the plaintiff. The defendant excepted to the overruling of the motions for nonsuit and for a directed verdict, and to the court's charge to the jury.

■■ The first and second headnotes do not require elaboration.

■ The court did not err in charging the jury as follows: "No

person not a resident of the county where the firing is done, owning lands therein or domiciled thereon, outside of any incorporated town, shall set on fire any woods, lands, or marshes, nor shall such person do so, except between the first of January and the first of March annually. When such person shall desire to set fire within said time, he shall notify all persons who occupy lands adjoining him, by residence thereon, or cultivation, or inclosure of any portion of the tract or settlement, of the day and hour of the firing, at least one day prior thereto. Such notice need not be given if, on a sudden emergency, due caution should require firing to render one's premises safe. Any person setting fire in violation of this section shall be guilty of a misdemeanor." Code, § 26-3601. See *Acree* v. *State,* 122 *Ga.* 144 (50 S. E. 180) for a history of this section. In previous Codes the section began with the words, "No person but a resident," etc. In the Code of 1933 the *but* was changed to *not.* There was no intention by such change to alter the meaning of the section, which must be construed to mean that non-residents are prohibited from setting fire as prescribed, and that residents are so prohibited except between January first and March first, and then unless notice is given as provided therein. The evidence showed that the fire was set to *woods;* and as there is no exception in the statute, it must be held to apply even to a sawmill site which is in the woods. *Acree* v. *State,* supra, is not to the contrary. It was not error to give in charge the Code section. No error of law appearing, the judgment is

*Affirmed. Stephens, P. J., and Sutton, J., concur.*

STEPHENS, P. J., concurring specially. I can not concur in the proposition that a nonsuit can be granted only at the termination of the introduction of the plaintiff's evidence, and can not be granted, in a proper case, after the close of all the evidence in the case; that is, after both the plaintiff and the defendant have introduced testimony and the case is closed, although it may appear from all the evidence that the plaintiff has not proved his case as laid in the petition. *Battle* v. *Royster Guano Co.,* supra; *Grand Rapids School Furniture Co.* v. *Morel,* 110 *Ga.* 321 (35 S. E. 312) ; *Murphy* v. *Ga. Ry. Co.,* 4 *Ga. App.* 522 (61 S. E. 1133) ; *Kelly* v. *Strouse,* 116 *Ga.* 872, 894 (43 S. E. 280) ; *Watson* v. *Barnes,* 125 *Ga.* 733 (54 S. E. 723) ; *Gowen* v. *New Orleans Naval Stores Co.,* 157 *Ga.* 107 (120 S. E. 776) ; *Cook* v. *Attapulgus Clay Co.,*

52 *Ga. App.* 610 (184 S. E. 334), and cit.; 9 R. C. L. 203-205, § 20. Whether or not the court had no right to award a nonsuit at the conclusion of the evidence, I am of the opinion that the evidence authorized the verdict for the plaintiff and that the court did not err in giving the charge excepted to. A judgment overruling a motion to grant a nonsuit may be excepted to by direct bill of exceptions. *Rice* v. *Ware, 3 Ga. App.* 573 (60 S. E. 301); *Central of Ga. Ry. Co.* v. *Henderson, 6 Ga. App.* 459, 464 (65 S. E. 297); *Ocean Steamship Co.* v. *McDuffie, 6 Ga. App.* 671, 674 (65 S. E. 703). I concur in the judgment of affirmance.