## 32798. BRANNEN *v*. BOWEN.

DECIDED APRIL 7, 1950. REHEARING DENIED APRIL 28, 1950.

*W. G. Neville, William J. Neville,* for plaintiff in error.
*A. M. Deal, Cohen Anderson,* contra.

WORRILL, J. J. B. Bowen applied to the processioners of his district to have the lines around his farm surveyed and marked anew. Pursuant to such application the processioners met with a surveyor and proceeded to survey and mark certain lines around his lands, and thereafter made a return to the court of ordinary as required by law. Within the time prescribed by law Lester E. Brannen filed his protest to the return of the processioners, and the protest together with all the other papers therein was returned to the superior court. Upon the trial of the case the applicant introduced in evidence the application of J. B. Bowen for the appointment of processioners, the service on the adjoining landowners, the certificate of the surveyor with plat attached, and the return of the processioners. The applicant was sworn and testified that he had been owning the tract of land involved in this controversy 42 years; that the present adjoining landowner is Lester Brannen; that he and the protestant agreed upon a starting point and that the line should run in a straight line eastward from that starting point on the road to the branch; that they agreed to using the branch as the line until "it come to the bay, and then that is where the trouble started. When it reached that bay he wanted to take through the bay and up next to my field and left a strip of land between the bay and the run of that little branch. . . That branch that me and Mr. Brannen agreed upon down to where it hit the bay, that branch leads you into what is known as the gator hole . . and to what is known as Lotts Creek, Little Lotts Creek. During Allen Rimes' [Brannen's predecessor in title] day they called that the Tony Hole. We agreed on that as being a corner. I have recognized that as being the corner since

I've owned the place. And they told me when I bought the place that that was the corner. Me and Mr. Brannen agreed on that as being the corner and I have been using that forty-two years. I have been using it for a pasture and for hogs and cows."

The applicant further testified that he had cut timber or wood off the portion of the land in dispute from time to time since he had acquired it, and on cross-examination testified that he had been farming it to show his ownership of it. Ben H. Smith, one of the processioners testified that the processioners exhausted all their sources of information to determine where the old line was and that the only thing they had to go on was the natural watercourse, and that they ran the line along the creek, the natural boundary, and that under the common agreement with everyone present the branch was the natural boundary. There was some other evidence tending to show substantially that the processioners sought to establish the old line as indicated by the creek or branch, and there was also evidence tending to show that the line as contended for by the protestant was the true original line.

At the conclusion of the plaintiff's evidence the protestant moved for a nonsuit. This motion was overruled and exceptions pendente lite were filed. The protestant put in his evidence, and the jury found for the applicant. The protestant made a motion for a new trial on the general grounds only, which was overruled and he filed his bill of exceptions to this court complaining of that ruling and assigning error on his exceptions pendente lite.

■ It is well settled in this State that "An exception based upon the refusal of the court to award a nonsuit will not be considered, where subsequently thereto the case is submitted to the jury, and after verdict being for the plaintiff a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it." *Foremost Dairy Products Inc.* v. *Sawyer*, 185 *Ga.* 702, 716 (196 S. E. 436). See also *Harry Sommers Inc.* v. *Dickey*, 41 *Ga. App.* 286 (1) (152 S. E. 590); *Hall* v. *Smith*, 41 *Ga. App.* 564 (1) (153 S. E. 778); *First National Bank of Milledgeville* v. *Roberson*, 53 *Ga. App.* 142, 144 (184 S. E. 887); *Dixon* v. *Evans*, 56 *Ga. App.* 583 (3) (193 S. E. 470); *Atlantic Coast Line R. Co.* v.

**432**

*Sperry Flour Co.*, 63 *Ga. App. App.* 611, 614 (11 S. E. 2d, 809). The motion for nonsuit is, therefore, not considered, since the protestant, in his motion for new trial assigns error, "Because the verdict is . . without evidence to support it."

■ While there may have been some conflict in the evidence, there was some evidence to support the verdict for the applicant, and the trial court did not err in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*