## 35384. THE HANOVER FIRE INSURANCE CO. *v.* ELROD.

Decided January 27, 1955.

404

*Lewis, Wylly & Javetz,* for plaintiff in error.
*Brannen, Clarke & Hester,* contra.

NICHOLS, J. ■ Special ground 4 of the motion for new trial complains that the trial court erred in denying the defendant's motion for nonsuit. In the bill of exceptions error is assigned on this ruling. Since, however, the defendant filed a motion for new trial, one ground of which complains that the verdict is contrary to the evidence and is without evidence to support it, an objection to the denial of its motion for nonsuit cannot be considered. *Schaffer* v. *Moore,* 59 *Ga. App.* 542 (2 S. E. 2d 151).

■ Special ground 5 complains that the trial court erred in charging Code § 56-706 as to bad faith and not charging that, under this Code section, "bad faith is the frivolous or unfounded refusal to pay on the part of the insurance company." In the

absence of a timely written request for such charge, the court did not err in failing to charge as complained in this ground. *Crawford* v. *Western & Atlantic R. Co.*, 51 *Ga. App.* 150 (179 S. E. 852).

■ Special ground 6 complains that the award of attorney's fees was contrary to the evidence. The law provides that attorney's fees may be recovered, in a reasonable amount, in an action against an insurance company refusing to pay a loss, where "it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith." Code § 56-706. The question as to whether or not the insurance company acted in bad faith in refusing to pay the loss, under the facts of this case, was a question solely for the jury, and this court cannot say as a matter of law that its finding was not authorized. See *American Casualty Co.* v. *Callaway*, 75 *Ga. App.* 799 (44 S. E. 2d 400). This case differs from *Universal Credit Co.* v. *Service Fire Ins. Co.*, 69 *Ga. App.* 357 (25 S. E. 2d 526). In that case the assured had, in a previous action, brought suit against the tortfeasor, which was later dismissed, and in the order dismissing the case it was stated in part that the case had been settled between the parties, and the clerk was authorized to cancel the same from the dockets. In the present case the defendant insurance company produced a receipt, which only stated that the plaintiff had received $100 from the tortfeasor, it being a jury question as to what the $100 was for.

■ The evidence, though conflicting as to whether the plaintiff had violated the insurance contract, was sufficient to authorize the verdict for the plaintiff. It follows that the trial court did not err in denying the insurance company's motion for new trial for any reason assigned.

■ The trial court did not err in denying the motion for a judgment notwithstanding the verdict, as provided for in certain cases (see Ga. L. 1953, Nov.-Dec. Sess., pp. 440-444), inasmuch as the judgment denying the motion for new trial is being affirmed by this court.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents in part.*

FELTON, C. J., dissenting in part. Under the facts of this case, I do not think that a verdict finding that the insurance company

refused to pay the claim in bad faith was authorized. In my opinion it was justified in having a jury determine whether it was liable or not for the damages claimed.