36064. WATTS *v.* ROBERTS.

DECIDED APRIL 4, 1956.

*Mundy & Gammon,* for plaintiff in error.

*Maddox & Maddox, J. M. Grubbs, Parker, Clary, Kent & Grubbs,* contra.

NICHOLS, J. 1. The defendant's general demurrer is based on the premise that the contract entered into between the defendant and the Deans stated that the deed to be given by the defendant was to be given to A. Z. Dean and his wife; that the petition did not allege that the plaintiff was the wife of A. Z. Dean, and therefore she had no right of action against the defendant. The contract stated in part: "I, A. Z. Dean and my wife Clestelle Dean, as joint tenants, do hereby agree to pay to Mr. J. S. Watts the sum of $1,000. Upon payment of this to Mr. Watts, he will make a warrantee [sic] deed to me and my wife, of the W. P. Wood property." The petition as finally amended averred that, prior to the time when the contract was entered into, she had participated in a ceremony of marriage with A. Z. Dean, and at said time was living with him in good faith, believing herself to be his wife, and that the expression in said note "my wife" referred to her, she having signed jointly with A. Z. Dean.

The plaintiff in the present action is suing to recover for the breach of a contract entered into by her; she is not seeking any benefit that she might have derived as the result of being the wife of A. Z. Dean. The contract shows on its face that the defendant entered into it with A. Z. Dean and Clestelle Dean, the plaintiff was obligated as a joint maker, and when the money due under the contract was paid she was entitled to a warranty deed from the defendant as provided by the contract. Therefore, the plaintiff was not required to allege that she was the lawful wife of A. Z. Dean, but it was only necessary that she show that she was a party to the contract, that the requirements of the contract as to her had been met, that the defendant had breached the contract, and that she had been damaged by the said breach. See, in this connection, *Redpath Chautauquas* v.

*Parks,* 29 *Ga. App.* 155 (114 S. E. 67). Therefore, the trial court did not err in overruling the defendant's general demurrer.

2. Special grounds 1 and 2 of the amended motion for new trial cannot be considered, inasmuch as the trial court did not unconditionally approve these grounds. *Mathis* v. *Lathrop's Hatchery,* 211 *Ga.* 320 (5) (85 S. E. 2d 764).

3. Special grounds 3 through 7 of the amended motion for new trial complain of various excerpts from the court's charge to the jury, and when these excerpts are considered in the light of the entire charge they were not error for any reason assigned.

4. Special ground 8 assigns error on the refusal of the trial court to grant a directed verdict for the defendant. "It is not error for a court to refuse to direct a verdict. This is true whether the exception is made in a motion for a new trial or by direct exception." *Stembridge* v. *Fowler,* 64 *Ga. App.* 426 (1) (13 S. E. 2d 523).

5. Special ground 9 assigns error on the refusal of the trial court to permit certain evidence to go before the jury. The evidence was a petition for a commission of lunacy, dated January 31, 1953, in the Court of Ordinary of Polk County, Georgia, under which A. Z. Dean was declared a lunatic, and a petition wherein the plaintiff sought an annulment of a marriage.

As stated in the first division of this opinion, the plaintiff's case was not brought on the premise that she, as the wife of A. Z. Dean, was claiming a breach of the contract, but that she, as a contracting party, was seeking to recover for the breach of the contract by the defendant. The evidence described above, which the trial court refused to permit to go to the jury, had no place in the trial of the case. Whether the marriage was void or not, made no difference on the trial of this case inasmuch as the plaintiff was not seeking to recover as the wife of A. Z. Dean, nor was the petition for a lunacy commission for A. Z. Dean relevant.

6. The 10th ground of the motion for new trial is but an amplification of the general grounds of the motion for new trial and will be considered along with the general grounds.

Evidence was adduced on the trial that the plaintiff entered into the contract along with A. Z. Dean to purchase the property from the defendant; that, after the property was paid for, the

702

defendant deeded the property to A. Z. Dean only, without the knowledge or consent of the plaintiff; that A. Z. Dean thereafter, without the knowledge or consent of the plaintiff, gave a deed to secure debt to a third party, who, when A. Z. Dean failed to make the payments due to the said third party, sold the property under the power of sale contained in the deed to secure debt, and therefore the plaintiff has been deprived of her one-half interest in the property. Evidence was presented by the defendant that the original contract for the purchase of the property had been rescinded by A. Z. Dean with the knowledge and consent of the plaintiff and a new contract of purchase entered into between the defendant and A. Z. Dean before the warranty deed was given to A. Z. Dean by the defendant. Therefore, where, as here, the evidence is conflicting, and there is some evidence to support the verdict of the jury, which has the approval of the trial judge, this court will not disturb it on review.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*