36424. WARWICK LONG LEAF COMPANY *v.* ZORN.

DECIDED FEBRUARY 25, 1957—REHEARING DENIED MARCH 20, 1957.

*A. C. Felton, III,* for plaintiff in error.
*Roland Arthur, Robert B. Williamson,* contra.

NICHOLS, J. 1. The first and second special grounds of the amended motion for new trial complain that the court erred in failing to charge the jury as to what timber suitable for sawmill purposes was, and that the jury was not instructed as to the contention of the defendant that the reason that Tract No. 2 was undercut was that it contained a large portion of timber that was not suitable for sawmill purposes.

The record does not disclose that the defendant made any timely written requests that these charges should be given to the jury, nor did the defendant's amended answer raise the question that Tract No. 2 contained timber that was not suitable for sawmill purposes. The only defense raised by the defendant's answer as amended was that it was not indebted to the plaintiff in the amount sued for since it did not cut the amount of timber alleged in the plaintiff's petition to have been cut from Tract No. 2.

In order for it to be reversible error to fail to charge on a contention of one of the parties in the absence of a timely written request, the issue must be raised by the pleadings and be supported by the evidence. See *Turner* v. *Turner,* 186 *Ga.* 223, 224 (197 S. E. 771, 116 A.L.R. 1396), and citations. Therefore, there is no merit in either of these special grounds of the motion for new trial.

2. The last special ground charges that the trial court erred in failing to grant its motion for a nonsuit for all sums in excess of the amount admitted by it to be due the plaintiff under the contracts.

A motion for a nonsuit can not be passed on in a case where the movant has filed a motion for new trial, one ground of which complains that the verdict is contrary to the evidence and is without evidence to support it. *Brannen* v. *Bowen,* 81 *Ga. App.* 430, 431 (59 S. E. 2d 7), and *Hanover Fire Ins. Co.* v. *Elrod,* 91 *Ga. App.* 403 (1) (85 S. E. 2d 821). Accordingly, this special ground of the motion for new trial cannot be considered.

3. The remaining special ground is but an amplification of the usual general grounds and will not be considered separately.

As shown in the statement of facts the defendant admitted that a balance of $1,199 was due on Tract No. 1, but contended

that Tract No. 2 was undercut and that, after offsetting the amount that Tract No. 2 was undercut to the balance due on Tract No. 1, it owed the plaintiff only $223.17, therefore, it is only necessary, in considering the general grounds of the motion for new trial, to determine if there was *any* evidence to support a finding that the amount of merchantable timber cut from Tract No. 2, priced at the contract price of $30 per thousand board feet, exceeded the amount of the advance by not less than $301 (the difference in the amount which the defendant admitted was due the plaintiff for timber cut from Tract No. 1 and the amount of the verdict).

Marvin Raines, a witness for the plaintiff, testified that he cruised the timber on Tract No. 2 and estimated that it contained between 110,000 and 115,000, taking into consideration jump butts (timber that has been turpentined), and E. E. Shealy, also a witness for the plaintiff, testified that Tract No. 2 contained 113,000 feet of timber, that his cruise took into consideration jump butts and timber with red hearts, that he went over Tract No. 2 after the timber was cut and there was no merchantable timber left on it. There was no evidence of anyone other than the defendant's agents having cut any timber from Tract No. 2, nor was there any evidence presented as to the exact amount of jump butt and red heart timber on this tract. Therefore, the jury was authorized to find that the defendant had cut from Tract No. 2 110,033 1/3 feet of timber, and that, in addition to the advance made on Tract No. 2, it was indebted to the plaintiff in the sum of $301 on this tract. This $301 due on Tract No. 2 plus the $1,199 which the defendant admitted it owed on Tract No. 1 authorized the verdict for the plaintiff in the amount of $1,500. Accordingly, the trial court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., and Gardner, P. J., dissent.*

FELTON, C. J., and GARDNER, P. J., dissenting. This was an action for a breach of contract to pay a balance alleged to be due for timber actually cut. There is no evidence which would have authorized the jury to ascertain to a reasonable and moral certainty the number of board feet of lumber cut. In the first

place the cruises and estimates by the two witnesses were made about four years before the trial and both witnesses testified from memory, without a note or record of their figures or findings. Even if this kind of testimony is sufficient, the testimony in this case furnishes no basis for a solemn money judgment for a reasonably accurate number of feet of lumber cut. Jule Zorn testified that he did not compute the number of board feet and that the only way he knew the number of feet was from figures furnished by the defendant in the case. The testimony of Marvin Raines is wholly insufficient to authorize a verdict. He testified that he made no distinction between estimating timber and cruising it. He testified that he cruised Tract 2 and it had between three (3) and nine hundred (900) trees *including jump butts and red hearts.* (Jump butts are trees that have been turpentined.) He also testified that his cruise of Tract 2 showed around 110,000 to 115,000 feet and that he would say Tract 2 cut in excess of 67,000 feet of timber. E. E. Shealy's testimony is similarly deficient. He testified that he cruised both tracts accurately. Later he cruised Tract 2 and it showed 87,000 feet of pine plus about 6 cypress trees. He then testified that he did not cruise the cypress but just estimated it, and he estimated it contained 25,000 feet of cypress. He testified that after the timber was cut he counted the stumps but did not testify that he computed the number of feet from the stumps, etc. He testified that his cruise took into consideration the jump butt and red heart trees. I think the only reasonable construction of the statement that Shealy's cruise took into consideration jump butt and red heart is that he *included* them in his cruise or estimate. There are two reasons for this conclusion. The other witness who purportedly cruised the timber swore specifically that he included jump butt and red heart. The second reason is that jump butt timber is merchantable timber and would presumably be included in a cruise so that the statement that *both* were taken into consideration means that both were included. Up to this point, the testimony does not show with any reasonable degree of certainty how many feet total were cut, but assuming that it shows the total number of feet cut on Tract 2, it still does not show how much merchantable timber was cut. The red heart

cypress was not merchantable, so unless the evidence shows how much red heart was cut the evidence does not authorize a finding because the result is left to conjecture or guess. The action is not for damages for cutting any unmerchantable timber, but simply for the balance due on the merchantable timber cut. In a case like this, the evidence should show the number of merchantable trees cut, and the number of feet cut should be determined by measuring the number of feet by the diameters of the trees cut and the estimated height, etc., according to the usual practice and custom in the sawmill trade. Even if an accurate cruise could be used, there was none as to all timber in this instance and the amount of red heart could not be deducted so as to arrive at the merchantable timber cut.