37287. CHOATE *v.* CARTER.

Decided September 22, 1958—
Rehearing denied October 20, 1958.

*Seymour S. Owens, Robert R. Forrester,* for plaintiff in error.
*Hugh D. Wright, Reinhardt & Ireland,* contra.

Nichols, Judge. 1. The plaintiff's petition alleged that his wife, on the date in question, had gone to the defendant's home for the benefit of the defendant, that earlier in the day the defendant's employee had spread, coated, or mopped onto the floor of the porch of the defendant's home a slick or soapy substance which rendered the floor of the porch unusually and extremely slippery and unsafe, that from a casual inspection the porch did not appear to be in any way dangerous to walk upon and there was nothing to indicate to her that it was slick or hazardous to walk over, that said condition could not have been discovered by her in the exercise of that degree of care which the law imposed on her but could or would have been known to the defendant in the exercise of ordinary care, and, "that the slick or soapy substance which had been spread or mopped upon said floor in the manner hereinbefore alleged and set out, was not visible to the plaintiff's wife for the reason that the slick and soapy substance had dried upon said floor and was not visible or obvious to the plaintiff's wife; petitioner shows that

on account of his wife's advanced age she suffers from defective vision and is obese and that the plaintiff's wife in the exercise of ordinary care could not have discovered the slick or soapy substance on said floor even should the substance have been visible; petitioner further shows that the defendant had actual knowledge of petitioner's wife's defective vision and obesity and that defendant could or should have known in the exercise of ordinary care or diligence of the dangerous condition of the floor and could or should have known in the exercise of ordinary care or diligence that the condition of the floor was unsafe for petitioner's wife to walk upon." The petition further alleged that the plaintiff's wife walked onto said porch, stepped on a slick or slippery portion thereof and fell causing the injuries which resulted in the damages sued for, and that all of the injuries were directly and proximately caused by the negligence of the defendant as follows: "(a) In causing and permitting the said porch to be coated or mopped with a slick or soapy substance that rendered same extremely slippery and unsafe, in violation of ordinary care and diligence; (b) In allowing the said soapy and slippery substance to remain spread upon the said tile porch rendering the same dangerous and unsafe for persons to walk upon, in violation of ordinary care and diligence; (c) In failing to mop up or remove the said water and soap from said porch after causing or allowing the same to be spread or coated thereupon; (d) In failing to warn your petitioner's said wife of the peril and hazard of walking on or across the said porch which had been rendered dangerously slick and slippery by the application, and failure to remove, said soapy substance; (e) In failing to keep the premises and approaches safe by the exercise of ordinary care, in violation of Georgia Code Section 105-401, which constitutes negligence per se; (f) In failing to provide your petitioner's said wife, who was a guest and invitee lawfully upon the premises, with safe means of ingress from and egress to the same after requesting her to come thereupon for his own special use and benefit; (g) In failing to caution petitioner's said wife of the dangerous and slippery condition of said porch, although defendant knew of said condition and also knew that petitioner was not aware of same; (h) In failing to warn

petitioner's said wife that said porch was coated with a slick or soapy substance although defendant could not reasonably have assumed that petitioner's said wife was aware of same, or that she would observe or discover such dangerous condition by a reasonable use of her faculties." The injuries sustained by the plaintiff's wife, and the plaintiff's damages were alleged and process and judgment prayed for.

The defendant contends that the petition fails to allege that the fall of the plaintiff's wife was proximately caused by the alleged slick or slippery condition of the porch and that therefore, since pleadings must be construed most strongly against the pleader, the petition fails to set forth a cause of action.

While it is true that the doctrine of res ipsa loquitur cannot be invoked to aid pleadings (*Hudgins* v. *Coca Cola Bottling Co.*, 122 *Ga.* 695 (4), 50 S. E. 974; *Eaton* v. *Blue Flame Gas Co.*, 91 *Ga. App.* 510, 86 S. E. 2d 334), and that, "On general demurrer the allegations of the petition will be construed most strongly against the pleader, and allegations of matters vitally essential to set up a good cause of action will not be implied from the pleading, but must be distinctly made therein" (*Evans* v. *Dickey*, 50 *Ga. App.* 127 (1), 177 S. E. 87), it is unnecessary to resort to such rules in the present case inasmuch as the petition alleged that the injuries received as a result of the fall were "directly and proximately caused by the negligence of the defendant," which alleged negligence is quoted above.

The contention that the injuries sustained by the plaintiff's wife were shown to be caused by her failure to exercise ordinary care for her own safety is without merit inasmuch as the petition alleged in substance that because of her poor vision and obesity she could not see the soapy or slick substance on the porch, that the defendant knew this, and that the defendant knew or should have known of the condition of the porch. Under numerous decisions of the courts of this State these allegations presented a question for the jury. See *Martin* v. *Henson*, 95 *Ga. App.* 715, 736 (99 S. E. 2d 251), and citations.

Under the allegations of the plaintiff's petition it cannot be said as a matter of law that the defendant was not chargeable with having knowledge of the condition of the floor of the porch

as the present case does not deal with a situation created by some unknown person but deals with a condition allegedly created by the defendant's employee. *"Miller* v. *Bart,* 90 *Ga. App.* 755 (84 S. E. 2d 127), and *King Hardware Co.* v. *Teplis,* 91 *Ga. App.* 13 (84 S. E. 2d 686), deal with negligence of the defendant's employee, of which the employee necessarily had knowledge which was chargeable to the defendant." *Jones* v. *West End Theatre Co.,* 94 *Ga. App.* 299, 304 (94 S. E. 2d 135).

2. Special ground numbered 4 of the motion for new trial assigns error on the failure to grant the defendants' motion for a directed verdict.

It is never error to refuse to direct a verdict. *Watts* v. *Roberts,* 93 *Ga. App.* 699, 701 (92 S. E. 2d 605).

3. Special ground 5 assigns error on the failure to grant the defendant's motion for a judgment non obstante veredicto. This ground will be considered together with the assignment of error in the writ of error that the trial court erred in denying his motion for a judgment non obstante veredicto and with the usual general grounds of the motion for new trial.

There was evidence adduced on the trial which authorized the jury to find that the plaintiff's wife was an invitee on the premises of the defendant, that the defendant's servant (at the direction of the defendant's wife who, under the evidence, was the agent of the defendant, and acting within the scope of her authority) had cleaned the porch of the defendant's house with a solution of "Tide" soap and water, that, while the porch, which was constructed of tile, was still wet, the plaintiff's wife in the company of the defendant started across the porch, slipped because of the condition of the porch, fell and received certain injuries which resulted, according to medical testimony, in certain permanent injuries. While the evidence did not demand these findings, they were authorized. Accordingly, the trial court did not err in overruling the general grounds of the motion for new trial or the motion for a judgment non obstante veredicto.

4. Special ground 6 assigns error on an excerpt of the charge wherein the court was instructing the jury with reference to recoverable damages. When this excerpt of the charge is considered in connection with the whole charge on this subject no error is shown.

5. Special ground 7 assigns error on the exclusion from evidence of a signed statement made by one of the plaintiff's witnesses before the trial, which statement contained statements contradictory to the oral testimony given by this witness on the trial of the case. It was shown that such statement was offered solely for purposes of impeachment.

While it is true (under the line of decisions exemplified by *Manley* v. *Combs*, 197 *Ga.* 768 (2), 30 S. E. 2d 485), that this written statement was admissible, it was not harmful error to exclude such statement where, as here, the witness admitted signing the statement and its contents were shown by the oral testimony of the witness. See *McDaniel* v. *Richards*, 64 *Ga. App.* 612, 619 (13 S. E. 2d 710).

6. It is contended in the brief of the plaintiff in error that the trial court erred in sustaining a motion to strike special ground numbered 8 of the amended motion for new trial, and that such ground shows that a reversal of the judgment denying the defendant a new trial should be granted.

This ground was stricken by the trial court and no exception to such judgment was taken in the writ of error. Accordingly, no question for decision is presented.

7. In special ground 9 complaint is made to the admission of the following testimony elicited from the defendant's wife, while a witness for the plaintiff. "Q. Have you had any experience in walking on that floor when it was mopped? A. Yes, I have."

While a wife is not presumed to be the agent of her husband (*Thompson* v. *Brown*, 121 *Ga.* 814, 49 S. E. 740), here there was evidence that the wife was the agent of the defendant and her knowledge would be inferred to be the knowledge of the husband. See *Jones* v. *West End Theatre Co.*, 94 *Ga. App.* 299, supra. Accordingly, it was not error to admit this evidence.

8. Special ground numbered 10 assigns error on the admission of evidence over the objection that such evidence is irrelevant and immaterial to the issues in the case. Such objection was insufficient to present any question for decision. See *Greyhound Corp.* v. *Clough*, 211 *Ga.* 574 (2) (87 S. E. 2d 387).

9. In special ground numbered 11 the defendant assigns error

on the admission of certain specified evidence elicited from a witness for the plaintiff on cross-examination. The answers given by the witness were direct and pertinent responses to the questions asked him, and under such circumstances the movant cannot complain. See *Anderson v. Brown*, 72 *Ga*. 713, 724 and *Gaddy v. State*, 96 *Ga. App*. 344, 347 (99. S. E. 2d 837).

The judgments of the trial court must be affirmed.

*Judgments affirmed. Felton, C.J. and Quillian, J., concur.*