39547. ROUSE v. FUSSELL, by Next Friend.

260

Decided June 21, 1962—Rehearing denied July 5, 1962.

*Sharpe & Sharpe, T. Malone Sharpe, T. Ross Sharpe,* for plaintiff in error.

*J. H. Highsmith, Gordon Knox,* contra.

Nichols, Presiding Judge. ■ Special ground 1 of the amended motion for new trial assigns error on the admission of certain evidence, a hypothetical question, over objection. The ruling of the court was as follows: "I think it is admissible. If the facts as he stated them don't appear in the record, I, of course, will rule the evidence out; now though subject to that, I am going to allow it." No subsequent motion to rule out the evidence appears. "Where the court conditionally admits evidence, reserving a final ruling upon its competency until a later stage of the trial, it is not to be expected that the court will bear the matter in mind and of his own motion exclude that which has been provisionally admitted; and it is the duty of counsel objecting to the admission of such testimony to remind the judge of the circumstances and to invoke a later and final ruling, if he so desires. In such circumstances as those referred to, the failure of the court to exclude testimony thus provisionally admitted is not error, unless a request to that effect be preferred by the party originally objecting to the admission of

the evidence." *Bacon v. Bacon,* 161 Ga. 978 (133 SE, 512). See also *Mullis v. State,* 197 Ga. 550, supra, and citations. No error is shown by this ground of the amended motion for new trial.

■ Special ground 2 complains that the trial court erred in permitting the witness Thelma James to testify that children crossed the highway at the point where the plaintiff was struck. Other witnesses, including the defendant, testified without objection to the same facts, and under such circumstances the ground of the amended motion for new trial is without merit. See *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (3) (100 SE2d 902); and *Healan v. Powell,* 91 Ga. App. 787 (87 SE2d 332), and citations.

■ Special grounds 3 and 4 assign error on the admission of certain medical records and X-ray pictures. The objections made to such exhibits were that the witness did not make the X-ray pictures, and could not state that they were of the plaintiff, that it was not shown who made the entries on the medical records, if the witness made them and if the witness had sole and complete possession of the records. No objection was made to the contents of the records and the objections made did not raise the question as to whether the contents of the documents were of the category authorized to be introduced under the provisions of *Code Ann.* § 38-711. The witness who identified the records and X-ray pictures testified that they were made and kept in the regular course of the business, and the admission of such evidence was in accordance with the provisions of *Code Ann.* § 38-711, supra. No error is shown by these grounds of the motion for new trial.

■ Special ground 5 assigns error on the admission of evidence by the Sheriff of Appling County as to the minimum speed that the defendant was driving at the time the defendant's truck struck the plaintiff.

The testimony in connection with such assignment of error was as follows: "Q. Sheriff, you have experience in driving automobiles? A. Yes sir. Q. And, in your position, as Sheriff, have you investigated wrecks and causes of wrecks, and speed of vehicles? A. Yes sir. Q. Approximately how far was it

from where it was indicated on the highway that the child was hit by the truck to where you found the blood where the child had been lying? A. 50 or 60 feet. Q. You say you did find skid marks? A. There was skid marks. Q. From your investigation of this collision that took place there and from what you saw at that time, what, in your opinion, was the minimum speed that the motor vehicle was being driven at the time it struck the child—taking into consideration where the truck finally stopped, and the distance the child was knocked down the highway, what in your opinion, was the minimum speed at which this vehicle was driven at the time it struck the child?" At this point the following objection of the defendant was overruled and the witness permitted to answer the last question. "I object to that question as he is calling for a conclusion from this witness without laying the proper foundation; second, it has not been shown that this witness is an expert and it would be a pure conclusion on this witness's part to testify and answer that question."

"Whether a witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused. See *Clary v. State,* 8 Ga. App. 92 (2) (68 SE 615); *Whatley v. Henry,* 65 Ga. App. 668, 681 (16 SE2d 214); *Hinesley v. Anderson,* 75 Ga. App. 394, 398 (43 SE2d 736), and citations." *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755). In that case the trial court did not permit a police officer to testify as an expert and based on the facts testified to by the witness his conclusion as to speed would have been without probative value. In the present case the trial court determined that the witness was qualified as an expert and it does not appear that such finding was an abuse of discretion. The witness testified as to the investigation he made and the facts as he found them, and while such facts may have been insufficient to permit a nonexpert to express an opinion, no error is shown by this ground of the amended motion for new trial.

■ Special ground 6 complains that the trial court erred in admitting in evidence a "sketch" of the scene where the unfortunate event occurred.

W. H. Branch, a witness for the plaintiff, testified as to the distances shown on the "sketch," as well as the locations of the items shown thereon, and under the decision in *Clarke County School District v. Madden,* 99 Ga. App. 670, 677 (110 SE2d 47), and cases cited, the sketch was admissible in evidence over the objection that it was not shown who drew the exhibit and if it was drawn to scale.

■ Special ground 7 complains that the trial court erred in overruling the defendant's motion for nonsuit made at the conclusion of the plaintiff's evidence and special ground 8 complains that the trial court erred in overruling his motion for a directed verdict.

"A motion for a nonsuit cannot be passed on in a case where the movant has filed a motion for new trial, one ground of which complains that the verdict is contrary to the evidence and is without evidence to support it. *Brannen v. Bowen,* 81 Ga. App. 430, 431 (59 SE2d 7), and *Hanover Fire Ins. Co. v. Elrod,* 91 Ga. App. 403 (1) (85 SE2d 821)." *Warwick Long Leaf Co. v. Zorn,* 95 Ga. App. 344, 345 (98 SE2d 62).

"It is never error to refuse to direct a verdict. *Watts v. Roberts,* 93 Ga. App. 699, 701 (92 SE2d 605)." *Choate v. Carter,* 98 Ga. App. 375, 378 (105 SE2d 909). Accordingly, no error is shown by either of these special grounds of the amended motion for new trial.

■ The sole remaining assignments of error are that the trial court erred in overruling the defendant's motion for new trial on the usual general grounds, and in overruling his motion for a judgment non obstante veredicto.

The plaintiff was a child six years of age and "Where a child six years of age is struck by an automobile such child is too young to be capable of contributory negligence." *Red Top Cab Co. v. Cochran,* 100 Ga. App. 707 (2) (112 SE2d 229). Accordingly, the question presented is whether the evidence authorized the finding that the defendant was guilty of negligence proximately causing the plaintiff's injuries.

The evidence authorized a finding that the defendant was exceeding the speed limit and was not keeping a proper lookout ahead at the time in question and that such negligence was the proximate cause of plaintiff's injuries. While the evidence on the trial of the case was in sharp conflict, and while a verdict for the defendant would have been authorized, a finding for the plaintiff was authorized, and the judgment overruling the usual general grounds of the motion for new trial and the motion for judgment non obstante veredicto was not error.

*Judgment affirmed.  Frankum and Jordan, JJ., concur.*